Mary EVANS, Plaintiff,

v.

AMERICAN NURSES ASSOCIATION, Defendant.

No. 86–1028–CV–W–1.

United States District Court, W.D. Missouri, W.D.

April 24, 1987.

Willis L. Toney, Kansas City, Mo., for plaintiff.

Brian J. Finucane, Stephen D. Kort, Watson, Ess, Marshall & Enggas, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDERS

JOHN W. OLIVER, Senior District Judge.

This is an action brought by a former employee of the defendant pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (ADEA), and 42 U.S.C. § 1981. The case now pends on defendant's motion for partial summary judgment. For the reasons stated, defendant's motion will be granted in part and denied in part.

### I.

Defendant's initial argument is that plaintiff's ADEA claims of constructive discharge, failure to promote, and retaliation should be dismissed due to plaintiff's failure to file specific Equal Employment Opportunity Commission (EEOC) charges directed to those issues. We agree that the allegations in plaintiff's complaint exceed the scope of the charge filed with the EEOC, and accordingly conclude that defendant is entitled to partial summary judgment on those claims.

 Under the ADEA, as under Title VII, 42 U.S.C. § 2000e *et seq.*, a party claiming discrimination is required to file a charge with the EEOC as a prerequisite to bringing a civil action. 29 U.S.C. § 626(d); *see Caldwell v. National Association of Home Builders*, 771 F.2d 1051, 1054 (7th Cir.1985); *McClinton v. Alabama By-Products Corp.*, 743 F.2d 1483, 1485 (11th Cir.1984). The scope of the judicial complaint is accordingly limited by the charge filed with the EEOC and the scope of the EEOC investigation which can reasonably be expected to grow out of that charge. *See, e.g., Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir.1970) (Title VII case). However, courts are under duty to liberally construe charges of discrimination. *See Danner v. Phillips Petroleum Co.*, 447 F.2d 159, 161–62 (5th Cir.1971).

In the Eighth Circuit, claims raised in a civil complaint must be " 'like or related to' the substance of the complainant's charge before the EEOC." *Satz v. ITT Financial Corp.*, 619 F.2d 738, 741 (8th Cir.1980) (Title VII case); *see also Woods v. State of Missouri Department of Mental Health*, 581 F.Supp. 437, 444 (W.D.Mo.1984). In *Pickney v. American District Telegraph Co. of Arkansas*, 568 F.Supp. 687 (E.D. Ark.1983), the Court was faced with a situation in which, as here, the plaintiff sought to expand the scope of her lawsuit beyond the charges she had previously filed with the EEOC. After examining the tension between the liberal construction rule and the statutory policy of promoting administrative solutions, the Court concluded that plaintiff's discriminatory training and promotion claims were not sufficiently related to the termination claim she had brought before the EEOC to satisfy the "like or related to" test. The *Pickney* court emphasized that the plaintiff's EEOC charge had been clearly and specifically directed solely to the discriminatory termination claim.[1] *Id.* at 691–92. *See also Combs v.*

---

1. The *Pickney* court also pointed out that when assessing the permissible scope of a plaintiff's complaint, courts "should not ignore matters unearthed during the conduct of the EEOC's investigation so long as they 'can reasonably be expected to grow out of the charge of discrimination.' " 568 F.Supp. at 690 n. 1 *quoting Sanchez*, 431 F.2d at 466. *See also Williams v. Atchison, Topeka and Santa Fe Ry.*, 627 F.Supp.

752, 754–55 (W.D.Mo.1986); *Hubbard v. Rubbermaid, Inc.*, 436 F.Supp. 1184, 1190–91 (D.Md. 1977).

In the present case, the EEOC issued its Determination/Administrative Closure on June 2, 1986. That document states that "Charging Party alleged that she was discriminated against ... by refusal to promote her because of her race, Black." Defendant's Exh. H. In addition, a

*C.A.R.E., Inc.*, 617 F.Supp. 1011, 1012–13 (E.D.Ark.1985) (plaintiff's claims of discrimination in hiring, promotion, wages, placement and other policies and practices dismissed when plaintiff's narrow charge before the EEOC concerned only discrimination in firing).

■ Plaintiff in the present case filed her initial charge with the EEOC on February 19, 1985, alleging that her demotion, of which she was notified on February 15, 1985 and which became effective February 20, 1985, was the result of age discrimination. *See* Defendant's Exh. A. On February 14, 1986, plaintiff amended her charge to reflect her allegation that her demotion was also a result of discrimination based on national origin. *See* Defendant's Exh. B. Even under the most liberal construction of the allegations found both in plaintiff's original and her amended EEOC charges, it cannot be said that plaintiff presented any charge to the EEOC relating to constructive discharge, failure to promote, or retaliation. Indeed, the EEOC charges made in this case, as in *Pickney*, are so clear and specific as to foreclose any such reading.

We therefore find and conclude that plaintiff's claims for constructive discharge, failure to promote and retaliation are not like or related to her charges made to the EEOC. They therefore may not be considered in this action under the applicable Eighth Circuit rule, and accordingly summary judgment will be granted to defendant on those claims.

## II.

After articulating her claim for relief under the ADEA, plaintiff prays in Count II of her complaint that this Court award damages to compensate her for mental and physical pain, suffering, anguish and distress (¶ 25(e); 30(f)), and that this Court "order defendant to pay punitive damages to plaintiff for the willful and malicious retaliation toward plaintiff because plaintiff opposed unlawful discriminatory employment practices of defendant." (¶ 30(g)). Defendant argues that the compensatory and punitive damages for which plaintiff prays are not recoverable under the ADEA. We agree.

The ADEA itself authorizes specific damages to be awarded for a violation of the statute. *See* 29 U.S.C. § 626(b) & (c). The Eighth Circuit, in *Fiedler v. Indianhead Truck Line, Inc.*, 670 F.2d 806, 809 (8th Cir.1982), held that compensation for pain and suffering is not an available remedy under the ADEA. Accordingly, we conclude that the defendant is entitled to summary judgment on plaintiff's prayer for damages for pain and suffering under the ADEA. Further, we conclude that plaintiff's prayer for punitive damages under the ADEA may not stand. For such damages are also outside the relief authorized by Section 626(b). *See Pfeiffer v. Essex Wire Corp.*, 682 F.2d 684, 688 (7th Cir.), *cert. denied*, 459 U.S. 1039, 103 S.Ct. 453, 74 L.Ed.2d 606 (1982) (neither punitive damages nor damages for pain and suffering are available under the ADEA).

Accordingly, defendant's motion for summary judgment on plaintiff's claims for punitive damages and damages for pain and suffering under the ADEA will be granted.

## III.

■ Finally, defendant moves for summary judgment on plaintiff's Section 1981

---

letter dated January 21, 1986 sent to the EEOC by Willis Toney, an attorney to whom plaintiff had gone for consultation, states that "[plaintiff] believes that she was discriminated [sic] in the terms and conditions of her employment based on her age and nationality." Defendant's Exh. D. Yet the charges filed by the plaintiff with the EEOC are directed solely to the February 1985 demotion; the charges do not contain any mention of failure to promote or terms and conditions of employment. Nor do the charges indicate that plaintiff charged discrimination on the basis of race, Black; rather, the second charge mentions only her national origin, Mexican-American.

The applicable standard directs that plaintiff's complaint be limited to the scope of the EEOC investigation *reasonably expected to grow from the charge.* We must therefore conclude, in spite of the confusing and ambiguous language of the EEOC's Determination, that an EEOC investigation based on the charges filed by plaintiff could not reasonably be expected to include matters other than the specifically mentioned demotion.

**1280**

claim on the ground that plaintiff, a Mexican-American, is not within a class of persons protected by that statute. We find and conclude that plaintiff may pursue her Section 1981 claim, and therefore defendant's motion for summary judgment on Count I will be denied.

In *Cariddi v. Kansas City Chiefs Football Club, Inc.*, 568 F.2d 87 (8th Cir.1977), the Eighth Circuit declined to decide whether claims of discrimination based on national origin are within the purview of Section 1981. The Court observed, however, that there exists "a division of authority among the circuits that have considered the question" and that the "cases extending the coverage of § 1981 to include claims based upon national origin have involved claims of discrimination by ... Mexican individuals." *Id.* at 88. The Court went on to note that "[a] number of courts have permitted Hispanic individuals to sue under § 1981 but have held that their claims of national origin discrimination are actionable under § 1981 only to the extent they are motivated by or indistinguishable from racial discrimination." *Id.*

Another division of this Court had occasion to consider this issue in *Madrigal v. Certainteed Corp.*, 508 F.Supp. 310 (W.D. Mo.1981), in which, as here, a Mexican-American sought relief on a claim brought pursuant to Section 1981. After noting the absence of a definitive Eighth Circuit ruling on the issue, Judge Sachs held that "racial bias against Mexican-Americans may be soundly litigated under [§ 1981]." *Id.* at 311. Judge Sachs reasoned that "Section 1981 should be construed to offer protection to persons who are the objects of discrimination because prejudiced persons may perceive them to be non-white...." *Id. See also Manzanares v. Safeway Stores, Inc.*, 593 F.2d 968, 970 (10th Cir.1979).

We agree with Judge Sachs that the scope of Section 1981 is broad enough to encompass complaints of racial bias against Mexican-Americans. We therefore conclude that defendant's motion for summary judgment on all claims made by plaintiff under 42 U.S.C. § 1981 must be denied.

Accordingly, it is

ORDERED (1) that defendant's motion for partial summary judgment on all ADEA claims other than the February 1985 demotion should be and is hereby granted. It is further

ORDERED (2) that defendant's motion for partial summary judgment on plaintiff's claims for pain and suffering and punitive damages under the ADEA should be and is hereby granted. It is further

ORDERED (3) that defendant's motion for partial summary judgment on all claims under 42 U.S.C. § 1981 should be and is hereby denied.