**Wesley F. LESS, Plaintiff,**

v.

**The NESTLÉ COMPANY, INC., Defendant.**

**No. CIV–86–1025C.**

United States District Court,
W.D. New York.

Nov. 29, 1988.

Kinney, Buch, Mattrey & Marshall (Phillip M. Marshall, of counsel), Buffalo, N.Y., for plaintiff.

Schmeltzer, Aptaker & Sheppard, P.C. (Ira Michael Sheppard and Paul Monroe Heylman, of counsel), Washington, D.C., and Phillips, Lytle, Blaine, Hitchcock & Huber (Michael R. Moravec, of counsel), Buffalo, N.Y., for defendant.

CURTIN, District Judge.

Plaintiff brings this claim for employment discrimination pursuant to the Age Discrimination in Employment Act [ADEA], 29 U.S.C. §§ 621–634. Specifically, plaintiff claims that defendant, the Nestle Company, Inc., violated the ADEA by (1) demoting him in 1981; (2) denying him several promotions during the period from 1983 through 1985; and (3) discouraging him from remaining with Nestle, thus constituting constructive discharge. Pending before the court is defendant's motion pursuant to Fed.R.Civ.P. 56 for partial summary judgment dismissing the 1981 demotion claim, the constructive discharge claim, and certain of the denial of promotion claims. Item 16.

Plaintiff was hired as a salesman in Nestle's Chocolate Sales Division in 1960. When the Buffalo region of that division was consolidated with the Boston region in early 1981, plaintiff was downgraded, without loss of salary or benefits, from the position of Buffalo Area Manager to the position of Area Accounts Manager. *See* Exh. 1, 2, attached to Item 18. As a result of a subsequent merger of Nestle's Chocolate Sales Division into the Coffee/Tea Sales Division in August, 1983, plaintiff was again reassigned, without loss of salary or benefits, to the position of Retail Sales Representative. *See* Item 18, ¶ 11, and Exh. 4 attached thereto. Plaintiff continued in this position until he accepted Nestle's Voluntary Early Retirement Program [VERP], effective January 1, 1986, under which he received a lump sum retirement benefit of $20,000. *See* Item 18, ¶ 12. Plaintiff is not currently working, nor has he attempted to find work since his retirement. Item 19, p. 4; Item 14, pp. 64–65.

On July 6, 1985, plaintiff filed a verified complaint with the New York State Division of Human Rights [NYSDHR] (Complaint No. 7–E–A–85–104845A), alleging unlawful discriminatory employment practice on the part of defendant resulting in denial of promotion because of his age (plaintiff was 62 years old at the time the complaint was filed). *See* Exh. 6, attached to Item 18. In that complaint, plaintiff alleged that beginning in August, 1983, and continuing, defendant promoted younger and less-experienced people to certain managerial positions without discussing those employment opportunities with, or offering them to, plaintiff. Plaintiff cited two specific instances, one in September, 1984, and another in March, 1985, in which younger employees were promoted to managerial positions ahead of him. Plaintiff also alleged that defendant assigned him to less desirable sales territories because of his age. The complaint made no mention of

plaintiff's alleged demotion in 1981, his acceptance of VERP benefits, or any facts relating to his claim of constructive discharge. Plaintiff's complaint was filed with the Equal Employment Opportunity Commission [EEOC] on July 26, 1985 (Charge No. 160–87–0133). On October 27, 1986, the EEOC sent notice to defendant that plaintiff's charge had been filed, but that the EEOC did not plan to take any action with respect to plaintiff's claim under the ADEA. *See* Exh. 6, attached to Item 18.

In its Notice of Determination, dated July 2, 1986, the NYSDHR found probable cause to believe that defendant had engaged in the unlawful discriminatory practice complained of. *See id.* As its basis for that determination, the NYSDHR noted that defendant admitted that it promoted younger and less experienced individuals without offering those opportunities to plaintiff, and that the March, 1985 promotion of an individual younger than plaintiff did suggest denial of promotion due to age. No evidence was found, however, to suggest that plaintiff was assigned less desirable territory because of his age. *Id.*

Defendant has asserted several grounds for partial summary judgment. First, defendant claims that the 1981 demotion charge is barred by (1) the applicable statute of limitations, and (2) the plaintiff's failure to include that charge in the original discrimination complaint filed with the NYSDHR. Item 19, pp. 5–6. In response, plaintiff contends that the statute of limitations was tolled due to the failure of defendant to properly post notice under 29 U.S.C. § 627, and that, since the discriminatory practice was ongoing, violations occurring outside the limitations period (including the 1981 demotion) should not be time-barred. Item 23, pp. 1–2.

Defendant additionally contends that since plaintiff left his employment at Nestle voluntarily, there is no basis for an award of damages for any period after his effective resignation date of January 1, 1986. Item 19, pp. 6–14. Defendant argues that (1) plaintiff had adequate time and information to make a reasoned deci-

sion to accept VERP benefits; (2) plaintiff's articulated reason for leaving Nestle —*i.e.,* that defendant "discouraged" his continued employment—does not make out a claim of constructive discharge; (3) plaintiff failed to file a timely charge with the EEOC regarding the voluntariness of his retirement; and (4) plaintiff has failed to seek alternative employment since his retirement and thus cannot claim entitlement to either "front" or "back" pay. *Id.* Plaintiff responds that there is sufficient evidence of defendant's efforts to discourage him from continuing employment with Nestle to constitute a claim of constructive discharge, and that the issue as to mitigation of damages is one for the trier of fact. Item 23, pp. 2–6.

Finally, defendant contends that all of plaintiff's claims based on acts occurring prior to September 28, 1984, are barred by the ADEA' 300–day filing requirement. 29 U.S.C. § 626(d)(2); *see* Item 19, pp. 16–17. Thus, according to defendant, plaintiff's claims of denial of promotional opportunities occurring in September and October of 1983 and January, March, and September of 1984 are time-barred, leaving only the claims for denial of promotion occurring in 1985 as timely filed. *Id.* Plaintiff asserts the same "tolling" arguments as asserted in response to the statute of limitations defense.

Under the ADEA, a party claiming age discrimination must first file a charge with the EEOC as a prerequisite to bringing a civil action in order to give the EEOC the opportunity to "attempt to eliminate the discriminatory practice or practices alleged, and to effect voluntary compliance with the requirements of this chapter through informal methods of conciliation, conference, and persuasion." 29 U.S.C. § 626(b). The scope of the civil complaint is accordingly limited by the charge filed with the EEOC and the investigation which can reasonably be expected to grow out of that charge. *Evans v. American Nurses Association,* 657 F.Supp. 1277, 1278 (W.D. Mo.1987). Thus, a court may generally consider, in addition to the claims contained in the original charges filed with the

EEOC, those claims "reasonably related" to the original charges. *Almendral v. New York State Office of Mental Health,* 743 F.2d 963, 967 (2d Cir.1984). In the instant case, plaintiff's complaint before the EEOC alleges that "[b]eginning around August 1983 and continuing, persons younger in age with less experience have been promoted to managerial positions", and that "[s]ince around February 1984 and continuing my territory has been changed periodically to less desirable ones [sic]." Complaint No. 7–E–A–85–104845A, attached as Exh. 6 to Item 18. The complaint goes on to allege two specific instances of denial of promotional opportunities, occurring in September, 1984, and March, 1985. *Id.* The EEOC did not institute any action with regard to these charges. *See* Letter from EEOC to defendant, attached as Exh. 6 to Item 18. Thus, the court would have subject matter jurisdiction over plaintiff's claims concerning his 1981 "demotion" or his constructive discharge by defendant—*ie.,* those claims not set forth in the EEOC complaint—only if he can demonstrate that such claims are reasonably related to the charges of denial of promotion from 1983 through 1985.

Upon my review of the record, I find that plaintiff has demonstrated a sufficiently reasonable relationship between the 1983–85 promotion denials and the 1981 "demotion" to warrant excusing plaintiff from the jurisdictional prerequisites of the ADEA with respect to the demotion claim. The investigation conducted by the NYSDHR in response to plaintiff's complaint "revealed that sometime around 1980 respondent reorganized its sales force resulting in complainant's reclassification to sales representative. Others younger in age than complainant were also effected [sic]." Memorandum of NYSDHR, ¶ III(1), attached as Exh. 6 to Item 18. Thus, the investigation encompassed plaintiff's "demotion" claim, and even though not specifically mentioned in the administrative complaint, that claim can be said to have been reasonably related to plaintiff's denial of promotion claims for the purpose of this court's exercise of subject matter jurisdiction.

■ The same does not hold true, however, for plaintiff's constructive discharge claim. That claim is based on plaintiff's allegations that (1) he was taken off his own sales route and required to train other salesmen; (2) his route was changed on five different occasions; (3) he was given sales quotas which were impossible to meet; (4) he was given the routes of three people; (5) he was given the least desirable routes available; (6) he was encouraged to retire by being offered a "deal" that would be cancelled if he did not accept it at that time; and (7) he was bypassed for several promotions without being offered those opportunities. Item 23, pp. 2–3. Plaintiff made no allegations of constructive discharge or unduly coercive conduct in his administrative complaint. In its report on its investigatory action, the NYSDHR indicated that there was no "evidence to suggest complainant was assigned less desirable territory because of his age" (Memorandum of NYSDHR, ¶ III(4), attached as Exh. 6 to Item 18), but did find evidence to suggest that plaintiff was bypassed for promotions because of his age. *Id.* at ¶ III(5). These are the only grounds for constructive discharge that were, or might reasonably have been expected to be, encompassed by the administrative investigation. Even with respect to these grounds, however, plaintiff's claim of constructive discharge is jurisdictionally precluded in the instant action. The administrative investigation focused on discrimination because of age, not on any alleged conduct on the part of defendant that may have "coerced" plaintiff into retiring early. Absent any notice that defendant was being charged with such conduct, the NYSDHR would not be expected to independently uncover facts showing that defendant unlawfully coerced plaintiff into taking early retirement when the investigation focused on facts constituting discrimination. Moreover, even though the investigation took place on January 13, 1986, two weeks after plaintiff had retired, the NYSDHR could not have reasonably presumed that the retirement was made necessary by defendant's coercive conduct; plaintiff may have

retired for any number of reasons, most obviously the considerable lump sum payable under VERP. Therefore, plaintiff is precluded from litigating his constructive discharge claim since such a claim was neither within the scope of the administrative charge of discrimination nor could it have reasonably been expected to grow out of the administrative investigation. *See Rendon v. District of Columbia,* 42 F.E.P. Cases [BNA] 782, 785–86 (D.D.C.1986).

■ As further grounds for summary judgment dismissing plaintiff's constructive discharge claim, plaintiff has failed as a matter of law to set forth any set of facts amounting to a *prima facie* case of constructive discharge. Constructive discharge occurs when the employer "deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation." *Young v. Southwestern Savings and Loan Association,* 509 F.2d 140, 144 (5th Cir. 1975), quoted in *Pena v. Brattleboro Retreat,* 702 F.2d 322, 325 (2d Cir.1983). In making a constructive discharge determination, "the trier of fact must be satisfied that the ... working conditions would have been so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." *Rosado v. Santiago,* 562 F.2d 114, 119 (1st Cir.1977), quoted in *Pena,* 702 F.2d at 325. I find nothing in the record to indicate the presence of any such intolerable conditions or undue compulsion. Furthermore, it has been held that unfavorable job assignments and discriminatory denials of promotion do not rise to the level of "intolerability" required to sustain a constructive discharge claim. *Muller v. United States Steel Corp.,* 509 F.2d 923, 929 (10th Cir.1975); *see also Martin v. Citibank, N.A.,* 762 F.2d 212, 221 (2d Cir.1985), and cases cited

therein. Therefore, the only allegation made by plaintiff that might support such a claim is that defendant "coerced" plaintiff's early retirement. Defendant points to plaintiff's deposition testimony (Item 14, pp. 50–51, 62–63), which shows that the claim of "coercion" is based on one meeting at a restaurant occurring sometime in the late summer or early fall of 1985 at which plaintiff was told by a representative of defendant that he might be able to "get a deal" if he wanted to retire early. This single, unofficial verbal offer of an early retirement "deal," accompanied by plaintiff's testimony that he had adequate time to consider whether to accept the VERP benefits (Item 14, pp. 61–62), does not legally suffice to sustain an inference that a reasonable person would have been compelled to resign. Plaintiff voluntarily chose to retire early and accept the considerable $20,000 VERP retirement incentive after having sufficient opportunity to consider his options, and in the absence of objective factors such as undue coercion or threats, cannot now complain that his choice was somehow involuntary.

For these reasons, the court finds that there is no genuine issue of material fact as to whether plaintiff was constructively discharged from Nestle. Defendant's motion for partial summary judgment dismissing plaintiff's claim of constructive discharge is granted. Accordingly, plaintiff is precluded from claiming damages accruing from the date of his voluntary resignation. *Muller,* 509 F.2d at 930.

Defendant also contends that certain claims are time-barred by both the applicable statute of limitations and the statutory time limits for filing ADEA claims. A plaintiff bringing an action under the ADEA must comply with both 29 U.S.C. § 626(d) [1], which requires that he file a

---

**1.** No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed—

(1) within 180 days after the alleged unlawful practice occurred; or

(2) in a case to which section 633(b) of this title applies, within 300 days after the alleged

unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

29 U.S.C. § 626(d).

Since New York has a state law prohibiting age discrimination, it is a "deferral" state under 29 U.S.C. § 633(b), and thus the time limit of § 626(d)(2) applies to the instant case.

charge alleging discrimination with the EEOC within 300 days of the alleged unlawful practice or within 30 days of notice of termination of proceedings under State law (whichever is earlier), and 60 days before he files suit in this court, and 29 U.S.C. § 626(e), which incorporates the statute of limitations from the Portal-to-Portal Act, 29 U.S.C. § 255. The statute of limitations under § 255 is two years, or three years for willful violations. For the purpose of the motion now before it, and without making any finding on the issue of "willfulness," [2] the court will assume that the three year provision applies.

■ Plaintiff filed his claim with the NYSDHR on July 6, 1985, and with the EEOC on July 26, 1985. *See* Exh. 6, attached to Item 18. The NYSDHR completed its investigation of plaintiff's charge, making a finding of probable cause, on June 27, 1986. Thus, under the time limits of 29 U.S.C. § 626(d)(2), all claims occurring prior to September 28, 1984 (300 days before July 26, 1985), would be time-barred unless equitably tolled. *See Dillman v. Combustion Engineering, Inc.,* 784 F.2d 57, 59 (2d Cir.1986). Plaintiff contends that the limitations period should be tolled due to Nestle's failure to properly post notices informing employees of their rights under the ADEA. Plaintiff further claims that Nestle engaged in a continuous course of discriminatory conduct commencing with his demotion in January, 1981, and thus all claims based on acts occurring subsequent to that date should be considered as timely. Addressing this latter contention first,

> [w]here, as in the instant case, there is a mixture of timely and untimely claims, the Court must determine whether the facts constitute a continuing pattern of discrimination commencing before the pertinent time period yet progressing uninterrupted into the pertinent time frame. Absent such a present, uninterrupted pattern of discrimination, an employee's claims which arose more than

300 days before a charge was filed are barred under [the ADEA].

*Rendon,* 42 FEP Cases at 785; *see also De Medina v. Reinhardt,* 444 F.Supp. 573, 576 (D.D.C.1978). This "pattern," or "continuing violation," requirement involves more than a showing of a series of discrete acts, such as the several different denials of promotions as alleged here, even if those allegedly discriminatory actions have the same alleged motive such as age discrimination. *Ghosh v. New York University Medical Center,* 576 F.Supp. 86, 93 n. 24 (S.D.N.Y.1983). What plaintiff must show is that Nestle maintained a consistently discriminatory policy, rather than citing a number of instances in which he was allegedly discriminatorily treated. *Id.* The summary judgment record before the court does not establish such a showing.

■ Plaintiff also argues that the time limits should be tolled because defendant did not adequately post notice of employees' rights under the ADEA. 29 U.S.C. § 627 provides:

> Every employer, employment agency, and labor organization shall post and keep posted in conspicuous places upon its premises a notice to be prepared or approved by the Equal Employment Opportunity Commission setting forth information as the Commission deems appropriate to effectuate the purposes of this chapter.

Failure to post such notice tolls the 300–day filing period until the claimant acquires actual knowledge of his rights under the ADEA or seeks the services of an attorney. *Galvin v. State of Vermont,* 598 F.Supp. 144, 148 (D.Vt.1984). Under the facts presented in the record before this court, a genuine issue remains as to whether such notice was actually posted in compliance with 29 U.S.C. § 627, as well as to whether and when plaintiff had actual knowledge of his ADEA rights. The court is thus precluded from entering partial summary judgment on plaintiff's claims as to which the 300–day filing requirement may have been equitably tolled.

**2.** Under the circumstances presented to the court, the issue of the "willfulness" of defend-

ant's conduct is one for the jury.

■ The same equitable considerations do not necessarily hold true for the three-year statute of limitations period. *See generally Kazanzas v. Walt Disney World Co.*, 704 F.2d 1527 (11th Cir.1983). In any event, the record shows that plaintiff became aware of his right not to be discriminated against because of his age at least by spring of 1985 (Item 22, ¶¶ 3, 4), and thus even if the limitations period was tolled by the failure to properly post notice, any claim based on any of defendant's acts occurring prior to spring, 1982, would be barred by the three-year statute of limitations period. Furthermore, while the 1981 demotion claim may be "reasonably related" for jurisdictional purposes to the denial of promotion claims, that relationship is not sufficient to place the demotion claim within the limitations period. Therefore, defendant's motion for partial summary judgment is granted with respect to plaintiff's claim that his "demotion" in 1981 violated the ADEA, since it is beyond the period within which to bring a claim under 29 U.S.C. § 626(e).

Accordingly, defendant's motion for summary judgment is granted in part and denied in part, and plaintiff's claims of discriminatory demotion and constructive discharge are dismissed. Surviving in this action are the issues as to whether defendant's denial of promotional opportunities to plaintiff between 1983 and 1985 violated the ADEA, whether that violation was "willful" for the purposes of determining the applicable statute of limitations and the availability of liquidated damages pursuant to 29 U.S.C. § 626(b), whether defendant adequately posted notice pursuant to 29 U.S.C. § 627, and whether (and exactly when) plaintiff could be charged with actual knowledge of his rights under the ADEA.

The attorneys shall meet with the court on December 20, 1988, at 9 a.m. to set a further schedule in this action.

So ordered.