Doris ANDERSON, et al., Appellants,

v.

NORTHWESTERN NATIONAL LIFE INSURANCE COMPANY,
Respondent.

No. C2–91–1288.

Court of Appeals of Minnesota.

Jan. 28, 1992.

Paul C. Sprenger, Jean M. Boler, Thomas L. Garrity, Sprenger & Lang, Minneapolis, Jane Lang, Timothy B. Fleming, Sprenger & Lang, Washington, D.C., for appellants.

Thomas P. Kane, Marko J. Mrkonich, Paul W. Iversen, Oppenheimer, Wolff & Donnelly, St. Paul, for respondent.

Considered and decided by HUSPENI, P.J., and PETERSON, and FOLEY,* JJ.

## OPINION

HUSPENI, Judge.

On appeal from summary judgment for respondent in this age discrimination action, appellants allege the trial court erred when it concluded that appellants could not base their claims on a colleague's class action. We affirm.

### FACTS

Appellants were employees of respondent Northwestern National Life Insurance Co. (NWNL). In September 1987, NWNL offered appellants an early retirement program which included a special benefits package. The program targeted employees age 50 or older who had worked for respondent ten years or more and whose age and tenure of employment equalled at least 65.

Each of the appellants agreed to participate in the program. Appellant Doris Anderson, the only appellant who filed a court action, notified respondent of her intent to participate in the early retirement program on October 30, 1987. One week earlier, Anderson's supervisor, Joseph Ulvin, had been terminated. Ulvin, age 46, filed with the Minnesota Department of Human Rights (MDHR) a charge of class-wide age discrimination against respondent on March 31, 1988.

---

* Retired judge of the Court of Appeals, acting by appointment pursuant to Minn.Const. art. VI, § 2.

On September 30, 1988, Anderson filed with the MDHR a charge of class-wide age discrimination against respondent, based on the early retirement program. On November 2, 1988, Anderson and Ulvin filed a class action under the Age Discrimination in Employment Act (ADEA) in federal court, and under the Minnesota Human Rights Act (MHRA) in state court. Upon respondent's motion, the state court action was removed to federal district court where the judge dismissed the ADEA claims with prejudice based on its finding that appellant Anderson had not filed her claim within 300 days of the date she opted to participate in the early retirement program. In addition to the untimely filing, the court also found appellants unable to rely on Ulvin's claim because he was not eligible for early retirement and had not raised the issue of the program in his complaint. The Court of Appeals for the Eighth Circuit affirmed that court's decision. *Ulvin v. Northwestern Nat'l Life Ins. Co.*, 943 F.2d 862, 866 (8th Cir.1991).

MDHR then granted Anderson's motion to reopen her complaint. Appellants filed the present class action in Hennepin County District Court on October 31, 1990. The trial court granted respondent's motion for summary judgment, finding Anderson's claim untimely filed and appellants unable to base their claim on Ulvin's timely claim of discrimination.

## ISSUE

May appellants, who allege age discrimination based on respondent's retirement program, rely on a colleague's class-wide discrimination claim which does not call the retirement program into issue?

## ANALYSIS

■ On appeal from summary judgment, this court must review the evidence in a light most favorable to the party against whom the motion was granted in order to determine whether any genuine issues of material fact exist and whether the trial court erred in its application of the law. *State by Cooper v. Hennepin County*, 441 N.W.2d 106, 109 (Minn.1989).

■ Appellants initially argued that Anderson had filed her complaint within 300 days of her actual termination date and, thus, had timely filed her complaint.[1] For authority, appellants relied on *Turner v. I.D.S. Fin. Servs., Inc.*, 459 N.W.2d 143 (Minn.App.1990). The Minnesota Supreme Court subsequently reversed this court and held that the date of the discriminatory act begins the filing period. *Turner v. I.D.S. Fin. Servs., Inc.*, 471 N.W.2d 105, 108 (Minn.1991). Therefore, the 300 days within which appellants may have filed charges against respondent began to run on the day appellant received notice of the allegedly discriminatory program. *Id.* Appellants now acknowledge that their charges were not timely filed and do not raise the timeliness issue on appeal.

■ Appellants do contend, however, that they may maintain their age discrimination action[2] based on respondent's retirement program by relying on Ulvin's timely-filed claim of class-wide age discrimination. We cannot agree.

■ Minn.Stat. § 363.06, subd. 1 (1986) states:

> Any person aggrieved by a violation of this chapter may bring a civil action * * * or may file a verified charge with the commissioner.

The purpose of this administrative filing requirement is two-fold: (1) to provide the state agency with "information and 'an opportunity to eliminate the alleged unlawful practices through informal methods of conciliation;'" and (2) to provide "formal notice to the employer and prospective defendant of the charges that have been made against it." *Kloos v. Carter–Day Co.*, 799

---

1. At the time this cause of action arose, an employee had 300 days to file a complaint pursuant to Minn.Stat. § 363.06, subd. 3 (1986). The statute now provides an employee one year to file the complaint. 1988 Minn.Laws. ch. 660, § 6.

2. The Minnesota Human Rights Act (MHRA) declares it an unfair employment practice for an employer to discharge an employee because of age. Minn.Stat. § 363.03, subd. 1(2)(b) (1986). The MHRA also provides for relief to a class of individuals affected by such unfair discrimination. Minn.Stat. § 363.06, subd. 4(6) (1986).

F.2d 397, 400 (8th Cir.1986) (quoting H.R.Rep. No. 950, 95th Cong., 1st Sess. 12, *reprinted in* 1978 U.S.Code Cong. & Admin. News 504, 528, 534).

As an alternative to this filing requirement in class actions, appellants encourage us to adopt the "single filing rule" as enunciated in *Kloos*, 799 F.2d at 400. Under that rule, each member of a class need not file an administrative charge in order to opt into a class action so long as one member has properly filed a charge alleging classwide discrimination or claiming to represent the class of plaintiffs. *Id.* While we find *Kloos* instructive, particularly with regard to the purpose of the filing requirement, we do not believe it would be appropriate for this court to apply the single filing rule in this case. Instead, based on the facts here, we must consider the purpose of the filing requirement and Ulvin's qualifications to represent appellants.

 As a fundamental requirement, the class representative must belong to the same class as the members he or she represents. *Briggs v. Anderson*, 796 F.2d 1009, 1018 (8th Cir.1986). Ulvin does not meet this requirement. He is neither over age 50 nor was he eligible for the early retirement program in which appellants chose to participate. In addition, the representative must " 'possess the same interest and suffer the same injury' as the class members." *General Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 156, 102 S.Ct. 2364, 2370, 72 L.Ed.2d 740 (1982) (quoting *East Texas Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403, 97 S.Ct. 1891, 1896, 52 L.Ed.2d 453 (1977) (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216, 94 S.Ct. 2925, 2929–30, 41 L.Ed.2d 706 (1975) ) ). If the claims are based on the same legal theory, slight factual variations will not preclude class action treatment. *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 831 (8th Cir.1977), *cert. denied* 434 U.S. 856, 98 S.Ct. 177, 54 L.Ed.2d 128 (U.S.1977). However, the scope of the claims must be similar. *Ulvin*, 943 F.2d at 865.

> Keeping these purposes [of the filing requirement] in mind, there must be some limit to what claims an opt-in party can raise when relying on the administrative filing of another. Certainly, when the filed charge is quite specific as to the scope of the class claim it raises, opt-in plaintiffs should not be permitted to raise claims that are far outside of that scope. Otherwise, the purposes of requiring an administrative filing would be thwarted.

*Id.*

For proof of similar and related claims, appellants focus on the identical statements in Anderson's and Ulvin's complaints. These statements allege "class wide discrimination on the basis of age" and a "general pattern and practice of discrimination against individuals over the age of 40." While we acknowledge the identical nature of these general statements, we believe that the proper focus must be upon the specific allegations of misconduct included in each of these complaints. These specific statements reveal the distinction between the claims of Ulvin and Anderson.

In Anderson's charge to the MDHR, she alleged that respondent "wanted to terminate her in some manner." To that end, Anderson claimed:

> The company offered early retirement to employees over the age of 50 and pressured them to take it because those employees were earning higher salaries and had greater benefits than the younger employees. The company put pressure on employees over 50 to take the early retirement by giving them notice that a reduction in force would soon be necessary. Other employees who were not over the age of 50 but were over the age of 40, were also forced out of the company through terminations and reductions in force.

In contrast, Ulvin alleged a system that demoted and eliminated employees over 40.

While appellants argue that the conduct Anderson alleged is "like or related" to the conduct Ulvin alleged, neither the facts here nor the law supports this argument. The age discrimination which both Anderson and Ulvin allege may occur by many different means. Indeed, Anderson and Ulvin have described two different unfair practices in their charges to the MDHR. Anderson attacked the early re-

tirement program as a method respondent used to eliminate older employees. She further alleged respondent coerced appellants into accepting the program. In contrast, Ulvin alleged a pattern of demotion and termination of older employees. He made no allegations of coercion to retire. He did not even mention the retirement program in his charge.

Appellants argue that "[a]n administrative charge is not a blueprint for the litigation to follow" under *Powers v. Grinnell Corp.*, 915 F.2d 34, 38 (1st Cir.1990). Instead, appellants would focus on:

> Whether the claims set forth in the civil complaint come within the "scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."

*Id.* at 39 (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). While we agree that slight factual variations in the claims may be permissible, the investigation of Ulvin's claims would not necessarily have led to discovery of Anderson's claims because the allegations were so specific and distinct. In *Less v. Nestlé Co. Inc.*, 705 F.Supp. 110, 114 (W.D.N.Y.1988), the court precluded an employee's constructive discharge claim at trial when the administrative charge had only alleged age discrimination.[3]

> Absent any notice that defendant was being charged with [coercing an employee to retire], the [department of human rights] would not be expected to independently uncover facts showing that defendant unlawfully coerced plaintiff into taking early retirement when the investigation focused on facts constituting discrimination.

*Id.* Appellants' case lends itself to a similar analysis, since they allege coerced retirement as evidence of discrimination and seek to rely on Ulvin's age discrimination claim to establish a valid class action. Notice to respondent in March 1988 of charges brought by Ulvin would not have put respondent on notice of Anderson's charges; she filed her charges six months later and made materially different allegations of misconduct.

We note further that, with respect to appellants, Ulvin's timely-filed notice to respondent in March 1988 was insufficient to permit respondent to comply with the initial purpose of the two-fold filing requirement set forth in *Kloos;* that requirement seeks to provide the state agency with "information and an opportunity to eliminate the alleged unlawful practices through informed methods of conciliation." *Kloos,* 799 F.2d at 400. Neither MDHR nor respondent would have been able to attempt any "informal methods of conciliation" with respect to allegations directed at the early retirement program when they had before them only Ulvin's complaints: complaints which did not mention the early retirement program.

■ Finally, we note that appellants appear to raise a constructive discharge claim,[4] alleging that respondent forced them into retirement. When an employee voluntarily elects to accept an employer's offer of early retirement and special benefits, that is not prima facie evidence of discrimination. *Shea v. Hanna Min. Co.*, 397 N.W.2d 362, 369 (Minn.App.1986).

> The court must conclude that plaintiff, after weighing his alternatives, voluntarily elected to accept defendant's offer because he did not want to risk a demotion or termination which might have caused him to retire without the extra incentives of defendant's early retirement plan. * * * Although an employer in a workforce reduction cannot force

---

3. *Less* involved an employee who sought to broaden the scope of claims against the employer at different stages of litigation. While we acknowledge that appellants' procedural context may differ, the employees sought the same result: to raise additional claims against the employer *after* they had given initial notice to the employer.

4. "An employer constructively discharges an employee only if it '*makes* an employee's working conditions so intolerable that the employee is forced into an involuntary resignation.'" *Shea v. Hanna Min. Co.*, 397 N.W.2d 362, 368 (Minn.App.1986) (quoting *Bartman v. Allis–Chalmers Corp.*, 799 F.2d 311, 314 (7th Cir. 1986), *cert. denied* 479 U.S. 1092, 107 S.Ct. 1304, 94 L.Ed.2d 160 (U.S.1987) (quoting *Young v. Southwestern Sav. & Loan Ass'n*, 509 F.2d 140, 144 (5th Cir.1975))) (emphasis in original).

older employees to accept an early retirement program, an employer can offer additional incentives to encourage its employees to accept such a program.

*Id.* (adopting trial court's language). As in *Shea,* appellants here chose to participate in respondent's retirement program. Appellants' scenario is markedly different than Ulvin's, in that Ulvin was demoted and terminated without any alternative and without any choice.

### DECISION

The trial court properly granted summary judgment for respondent and concluded that appellants cannot base their age discrimination claims upon a colleague's complaint when the underlying claims are unrelated and the colleague is not a member of appellants' class.

Affirmed.