Peter KENT, Plaintiff,

v.

AVCO CORPORATION, Defendant.

Civ. No. 5–91–CV–35 (WWE).

United States District Court,
D. Connecticut.

Dec. 16, 1992.

Peter Kent, pro se.

Andrew A. Cohen, Wiggin & Dana, New Haven, CT, Susan K. Krell, Wiggin & Dana, Hartford, CT, for defendant.

## RULING ON MOTIONS TO DISMISS AND STRIKE

EGINTON, Senior District Judge.

Plaintiff Peter Kent brought this action against his former employer, AVCO Corporation ("AVCO") alleging that AVCO coerced him into early retirement in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (1982), as amended ("ADEA"). Kent claims he was coerced into early retirement because AVCO threatened to reduce his earned retirement health and insurance benefits if he did not retire by December 31, 1989.

Defendant moves to dismiss paragraphs 41 through 44 of the complaint for lack of subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1) or in the alternative for failure to state a claim pursuant to Fed. R.Civ.P. 12(b)(6). It further moves to strike the second sentence of paragraphs 35 and entire paragraph 57 as immaterial pursuant to Fed.R.Civ.P. 12(f).

For the reasons set forth below, the motions to dismiss and strike will be granted.

## FACTS

The relevant facts are as follows. Kent was employed by AVCO from 1963 to 1989. His title at the time of resignation was that of Counsel to AVCO Corporation. Kent became eligible for retirement on October 31, 1983 based on AVCO's requirements of 10 years of service and reaching age 55. Kent claims that AVCO coerced him into early retirement by threatening to reduce his earned retirement health and insurance benefits if he did not retire by December 31, 1989. Kent filed charges against the defendant with the Connecticut Commission on Human Rights and Opportunities ("CHRO"). The CHRO jointly files ADEA complaints with the Equal Employment and Opportunities Commission ("EEOC") and did so in this instance. The CHRO prepared Kent's written complaint and filed it with the EEOC on April 12, 1990. The EEOC complaint charges constructive discharge by AVCO in violation of the ADEA and Conn.Gen.Stat. § 46a–60(a)(1).

In this action, plaintiff alleges additional acts of age discrimination by AVCO which resulted in constructive discharge. Plaintiff alleges, at paragraphs 41 through 44 of the amended complaint, that defendant compensated him substantially below the norm for his position and experience, provided him with insufficient working accommodations and secretarial services, and denied him pro-

motions. As a result, plaintiff was forced to seek other employment.

Defendant moves to dismiss paragraphs 41 through 44 of the amended complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

Defendant also moves to strike sections of the complaint containing references to other cases in which AVCO was a party.

## MOTION TO DISMISS

When considering a motion to dismiss, the court accepts all factual allegations as true and draws inferences from these allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Corcoran v. American Plan Corp.*, 886 F.2d 16, 17 (2d Cir.1989). A motion to dismiss should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Patton v. Dole*, 806 F.2d 24, 30 (2d Cir.1986). "The issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims." *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir.1978), *cert. denied*, 441 U.S. 965, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979). Thus, the question for the court to decide is "whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiff's claims." *De La Cruz*, 582 F.2d at 48.

■ Defendant claims that Kent failed to raise the allegations contained in paragraphs 41 through 44 of the amended complaint in this action when he filed his administrative complaint with the EEOC. Defendant argues that the EEOC complaint alleged only one form of discrimination for age, constructive discharge by threats of reducing benefits, and not the three additional claims of age discrimination later raised in his federal complaint. The additional claims include compensation below the norm, inferior work accommodations, and failure to promote. Defendant contends that plaintiff failed to exhaust his administrative remedies with respect to these additional claims, and therefore is precluded from raising them in the instant action.

Filing an administrative complaint with the EEOC is a prerequisite to the filing of a civil action under the ADEA. 29 U.S.C. § 626(d). The purpose of the filing requirement is to initiate an investigation into the allegations and if the charges are found to be true, to allow the EEOC to attempt informal means of resolving the dispute. If there is no informal resolution, the charging party may initiate a civil action to resolve the dispute.

■ A federal complaint does not have to be a mirror image of the administrative complaint but may include allegations reasonably related to and growing out of the administrative charge filed. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970); *Limongelli v. Postmaster General of United States*, 707 F.2d 368, 373 (9th Cir. 1983). However, "[n]o action based on a claim of age discrimination may be brought in federal court unless the claim was properly raised with the EEOC ... and [was] within the scope of the EEOC investigation reasonably expected to grow out of" the plaintiff's administrative filing. *Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 23–24 (2d Cir.1985).

Here, the administrative complaint alleged that AVCO discriminated against Kent on the basis of age by threatening to reduce his retirement benefits if Kent did not retire, resulting in a constructive discharge. The issue before this court is whether the allegations in the federal complaint are reasonably related to the administrative complaint and to the type of investigation that might be expected to arise from those charges.

Allowing claimants to include in the federal complaint allegations reasonably related to and growing out of an administrative charge in the federal complaint affords the claimant a broad interpretation of the EEOC complaint. A broad interpretation of an EEOC complaint, however, "does not mean a plaintiff's ability to expand the scope of the

EEOC charges in a complaint properly before the court is unlimited." *Ghahramani v. BASF Corp.*, 755 F.Supp. 708, 711 (M.D.La. 1991). The federal action is limited to the bases of the allegations which are within the scope of the EEOC investigation. "Judicial claims which serve to amplify, clarify or more clearly focus on earlier EEOC complaints are appropriate. Allegations of new acts of discrimination, offered as the essential basis for the requested judicial review are not appropriate." *McGuire v. United States Postal Service*, 749 F.Supp. 1275, 1287 (S.D.N.Y. 1990).

This issue of whether specific allegations are reasonably related to an EEOC complaint was recently addressed in *Less v. Nestle Co.*, 705 F.Supp. 110 (W.D.N.Y.1988). In *Less*, plaintiff alleged that he was discriminated against because of age through the acts of his employer denying him promotions and providing him with the least desirable sales route, which resulted in a constructive discharge. However, plaintiff did not include these allegations in his administrative complaint. In holding that the plaintiff's claims were jurisdictionally precluded, the court stated:

> The administrative investigation focused on discrimination because of age, not on any alleged conduct on the part of defendant that may have "coerced" plaintiff into retiring early. Absent any notice that defendant was being charged with such conduct, the [agency] would not be expected to independently uncover facts showing that defendant unlawfully coerced plaintiff into taking early retirement when the investigation focused on facts constituting discrimination ... Therefore, plaintiff is precluded from litigating his constructive discharge claim since such a claim was neither within the scope of the administrative charge of discrimination nor could it have reasonably been expected to grow out of the administrative investigation.

*Id.* at 113–114.

Here, plaintiff argues that all acts of discrimination cited in the second amended complaint support, contribute to, and are encompassed by, the allegation of constructive discharge, and therefore are "reasonably re-

lated" to the scope of the administrative complaint. Federal courts, however, have been reluctant to allow plaintiffs to attach "other discriminatory acts" to their allegation of constructive discharge, and have delineated distinct causes of action in the area of discrimination. In *Albano v. Schering–Plough Corp.*, 912 F.2d 384, 386 (9th Cir.1990), *cert. denied* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991), the court held that a "constructive discharge claim is not like or reasonably related to a charge of discrimination in promotion." In *Selman v. Kendall/Hunt Publishing Co.*, 20 FEP 1712, 1979 WL 15348 (N.D.Ga.1979), plaintiff added new claims which did not appear in the administrative filing. The court stated that although the EEOC complaint should be given liberal construction, "courts must also bear in mind the central theme of such statute is private settlement and the elimination of unfair practices without litigation." The *Selman* court held that "sweeping claims neither bear a reasonable relation to the allegation made in the plaintiff's EEOC charge nor grow out of the act enumerated in the charge." *Id.* at 1713.

In the instant case, the EEOC investigation focused on whether AVCO coerced plaintiff into early retirement by threatening to reduce his insurance benefits if he did not retire by December 31, 1989. Without other allegations pertaining to the constructive discharge, the EEOC could not have been expected to investigate other forms of discrimination or coercive behavior. Nowhere in the administrative complaint did plaintiff allege that his working conditions were made so difficult that a reasonable person in his position would have felt compelled to resign. There was no mention of low wages, denied promotions, or inadequate secretarial services. Without these allegations, the EEOC could not have been expected to, and did not, inquire into the alleged acts of discrimination contained in paragraphs 41 through 44 of the federal complaint. Those allegations are not reasonably related to the scope of the administrative complaint. Plaintiff has failed to exhaust his administrative remedies under the ADEA. Accordingly, this court has no authority to address the allegations in para-

graphs 41 through 44 of the second amended complaint.

 Plaintiff further contends that even if it is found that the allegations were not within the scope of his administrative complaint, he should not be barred from raising them in this action. Plaintiff argues that he complained to the EEOC about low wages but the agency refused to consider these allegations. An improper refusal by an agency to amend a complaint or an improper investigation will not bar a plaintiff from bringing a suit. *Albano v. Schering–Plough Corp.*, 912 F.2d 384, 387 (9th Cir.1990). However, in this case, there is neither evidence of attempts by the plaintiff to amend the EEOC complaint nor evidence of an improper investigation by the EEOC into plaintiff's allegations.

## MOTION TO STRIKE

Rule 12(f) of the Federal Rules of Civil Procedure provides in part that a court may order stricken from any pleading "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."

 "[M]otions [to strike] are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation." *Schramm v. Krischell*, 84 F.R.D. 294, 299 (D.Conn.1979). However, immaterial allegations should be stricken if their presence in the complaint prejudices the defendant. *Fuchs Sugars & Syrups, Inc. v. Amstar Corp.*, 402 F.Supp. 636, 638 (S.D.N.Y. 1975). "Where the materiality of the alleged matter is highly unlikely, or where its effect would be prejudicial the Court may order it stricken." *Reiter's Beer Distributors, Inc. v. Christian Schmidt Brewing Co.*, 657 F.Supp. 136, 144 (E.D.N.Y.1987); *Atlantic City Electric Co. v. General Electric Co.*, 207 F.Supp. 620, 624 (S.D.N.Y.1962).

"References to other litigation and the context in which they are made, are improper and irrelevant" when they are asserted in an unrelated complaint before the court. *Reiter's Beer Distributors, Inc.*, 657 F.Supp. at 145.

 Defendant moves to strike the second sentence of paragraph 35 and entire paragraph 57 of the complaint pursuant to Fed. R.Civ.P. 12(f). The second sentence of paragraph 35 and entire paragraph 57 refer to other litigation in which AVCO was or is a party. Defendant argues that the allegations in these paragraphs are broad references to unrelated acts which are immaterial to this action and therefore should be stricken.

The court finds that the allegations raised in the second sentence of paragraph 35 and entire paragraph 57 have no relevance to this case and their only effect is to prejudice the defendant. References to other litigation that AVCO is presently or had previously been a party to are immaterial to this case. The value of allowing these references in this case is outweighed by the prejudicial effect they would have on this proceeding. Accordingly, the references should be stricken from the second amended complaint.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss paragraphs 41 through 44 of the second amended complaint [# 62–2] is GRANTED, and the Motion to Strike the second sentence of paragraph 35 and all of paragraph 57 [# 62–2] is GRANTED.