720 F.Supp. 144 (1989)
Roy R. GEORGE, et al., Plaintiffs,
v.
CITY OF ST. LOUIS, Defendant.
No. 89-0274C(6).
United States District Court, E.D. Missouri, E.D.
September 25, 1989.
Alif Williams, Freeman, Whitfield, Montgomery & Staples, St. Louis, Mo., for plaintiffs.
Kathleen Gormley, City Counselor, St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER
GUNN, District Judge.
This case is currently before the Court on defendant's motion to dismiss plaintiffs' first amended complaint and defendant's motion for partial summary judgment on plaintiffs' second amended complaint. Because plaintiffs have filed a second amended complaint and because defendant's motion for partial summary judgment basically reasserts the bases for its original motion to dismiss, the Court denies the motion to dismiss as moot. Furthermore, because the Court finds that the arguments in defendant's motion for partial summary judgment are more appropriately framed as a motion to dismiss for failure to comply with Title VII jurisdictional prerequisites, the Court will so construe that motion. See Satz v. ITT Financial Corp., 619 F.2d 738, 742 (8th Cir.1980). The Court has *145 considered all pertinent matters outside the pleadings as it may in making a determination as to jurisdictional propriety. Id. For the reasons stated below, the Court denies the defendant's motion.
Plaintiffs George, Jones, Moore, and Brady, four black battalion chiefs employed by defendant St. Louis City Department of Fire and Fire Prevention ("the Fire Department"), bring this action pursuant to the provisios of 42 U.S.C. §§ 1983 and 2000e, and the fourteenth amendment to the United States Constitution. George and Jones allege both racial and retaliatory discrimination; Moore and Brady allege merely retaliatory discrimination. In their EEOC charges, George, Moore and Brady all checked only the space next to "retaliation" in the box marked "cause of discrimination;" Jones checked both "race" and "retaliation." George has filed at least three EEOC complaints for written reprimands he received in April and October 1987. He was also reprimanded in December 1987 and March 1989, but filed no charges with the EEOC for those reprimands.
In its motion, defendant alleges first that George's allegations concerning the reprimands in December 1987 and March 1989 should be dismissed because George did not file an EEOC charge regarding those incidents; and second that all plaintiffs' Title VII claims should be dismissed because they concern racial discrimination and plaintiffs' EEOC charges alleged only retaliatory discrimination. Defendant's contentions are meritless.
A prerequisite to suit filed under Title VII is the filing of charges with the EEOC. Jones v. ITT Educational Services, Inc., 587 F.Supp. 1533, 1537 (E.D.Mo. 1984). A Title VII plaintiff may raise claims in his or her lawsuit which are "`like or related' to the substance of the complainant's charge before the EEOC." Satz, 619 F.2d 738, 741 (8th Cir.1980). The Eighth Circuit has not elaborated on this test in circumstances similar to those in this case. However, the Eastern District of Arkansas has analyzed the problem cogently in Pickney v. American District Telegraph Company, 568 F.Supp. 687, 690 (E.D.Ark.1983). Pickney held that, where the EEOC charge was set forth in such a way that the Commission's investigation would reasonably lead to the circumstances underlying the allegations in the lawsuit, those claims are properly before the Court. Id. The wording of the EEOC charge does not control the scope of the subsequent lawsuit; the charge simply triggers an investigation. Williams v. Atchison, Topeka & Santa Fe Ry., 627 F.Supp. 752, 754 (W.D.Mo.1986) (adopting the reasoning of the Pickney court). Where matters unearthed during the EEOC investigation are reasonably related to the allegations in the complaint, the Court should not dismiss those allegations. Pickney, 568 F.Supp. at 690 n. 1, cited in Evans v. American Nurses Ass'n, 657 F.Supp. 1277, 1278-79 (W.D.Mo.1987); Williams, 627 F.Supp. at 754. The Court finds the reasoning of these cases persuasive in the situation under consideration. If the plaintiffs' EEOC charges concerned allegations of retaliation for filing charges with the state agency, clearly the EEOC investigation could include an inquiry into the nature of the prior charges for which the Fire Department retaliated.
Moreover, the plaintiffs' complaint, as a whole document, does contain allegations of both retaliatory and racial discrimination and Jones did include both allegations in his EEOC complaint. The Eighth Circuit appears to be in accord with the other Circuit Courts of Appeals adhering to the "single filing rule." See, e.g., Snell v. Suffolk County, 782 F.2d 1094, 1100-01 (2nd Cir.1986); Ezell v. Mobile Housing Board, 709 F.2d 1376, 1381 (11th Cir.1983); Foster v. Gueory, 655 F.2d 1319 (D.C.Cir.1981); Allen v. Amalgamated Transit Union Local 788, 554 F.2d 876 (8th Cir.), cert. denied, 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 176 (1977); Wheeler v. American Home Products Corp., 563 F.2d 1233 (5th Cir. 1977). The rule provides "that where one plaintiff has filed a timely EEOC complaint, other non-filing plaintiffs may join in the action if their individual claims `aris[e] out of similar discriminatory treatment in the same time frame.'" Snell, 782 F.2d at 1100. The Court finds that the *146 current situation comfortably fits within the rule as all plaintiffs have filed EEOC charges alleging retaliation, one plaintiff's EEOC charge alleged both retaliation and racial discrimination and the complaint alleges both. Therefore, all of the allegations in the complaint which are within the appropriate time frame covered in plaintiffs' EEOC charges are properly before the Court.
With regard to plaintiff Roy George's claims of retaliation based on the written reprimands he received in December 1988 and March 1989, this Court has held that "mandating the return of employees to the administrative agency each time a new claim of discrimination arises constitutes a needless procedural barrier." Jones, 587 F.Supp. at 1537. Therefore, defendant's arguments with regard to these claims are likewise meritless. Accordingly,
IT IS HEREBY ORDERED that defendant's motion to dismiss plaintiffs' first amended complaint be and it is denied as moot.
IT IS FURTHER ORDERED that defendant's motion for partial summary judgment, which the Court has construed as a motion to dismiss plaintiffs' Title VII claims and plaintiff George's claims arising out of reprimands in December 1988 and March 1989, be and it is denied.