920 F.Supp. 1030 (1995)
Martha TRBOVICH, et al., Plaintiffs,
v.
The RITZ-CARLTON HOTEL COMPANY, Defendant.
No. 4:94-CV-206 CAS.
United States District Court, E.D. Missouri, Eastern Division.
September 25, 1995.
*1031 *1032 Larry Bauer, Robert Isaacson, Sonnenschein and Nath, St. Louis, MO, Deborah Smiley, and Albert Watkins, Kodner and Watkins, St. Louis, MO, for defendant.
Kenneth Chackes, Gerald Dunne, Kenneth Gibert, Bruce Livingston, and Gail Wechsler, St. Louis, MO, for plaintiffs.

MEMORANDUM AND ORDER
SHAW, District Judge.
This matter is before the Court on defendant's motion for summary judgment against plaintiff Tracy Asaro. Plaintiff opposes the motion.
On January 31, 1994 plaintiff Tracy Asaro, joined by Martha Trbovich, Haley Hoffman, and Laura Schukar[1] ("co-plaintiffs") filed this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). All of the plaintiffs in this action were employed by defendant in its St. Louis hotel. Plaintiffs allege that defendant engaged in sex discrimination and sexual harassment against female employees, race discrimination and racial harassment against black employees, and retaliation against female employees and black employees who opposed and complained about defendant's unlawful employment practices.
Defendant asserts that summary judgment is appropriate as to plaintiff Asaro's claims because she did not file a charge with the Equal Employment Opportunity Commission ("EEOC"), and her claims are outside the ambit of her co-plaintiffs' EEOC charges. Defendant seeks summary judgment on all of Asaro's claims, or in the alternative, on all of Asaro's claims regarding defendant's employee, Alex Montiel ("Montiel").
Summary Judgment Standard. The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).
The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir.1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In determining whether the moving party has met its burden, all evidence and inferences are to be viewed in the light most favorable to the non-moving party. Johnson v. Enron Corp., 906 F.2d 1234, 1237 (8th Cir.1990).
Discussion. Defendant asserts that plaintiff Asaro's claims should be dismissed because she did not file a charge with the EEOC, and Asaro's claims are not similar to *1033 the claims of discrimination asserted by co-plaintiffs in their EEOC charges.
A prerequisite to suit filed under Title VII is the filing of a charge with the EEOC. United Air Lines, Inc. v. Evans, 431 U.S. 553, 555 n. 4, 97 S.Ct. 1885, 1887 n. 4, 52 L.Ed.2d 571 (1977); Owens v. Ramsey Corp., 656 F.2d 340, 342 (8th Cir.1981). A plaintiff, however, may pursue a Title VII claim in court although she has not filed a separate EEOC charge by invoking the "single-filing rule". The rule provides that where one plaintiff has timely filed an EEOC charge and then pursues a Title VII law suit, other non-filing plaintiffs may join in the law suit if their individual claims arise out of similar discriminatory treatment in the same time frame as their co-plaintiffs' EEOC charges.
It is undisputed that plaintiff Asaro has satisfied the first requirement of the single-filing rule, which requires one of Asaro's co-plaintiffs to have complied with the EEOC filing requirement. All of Asaro's co-plaintiffs have timely filed charges with the EEOC. Plaintiff Asaro must also satisfy the second prong of the single-filing rule, which requires that (1) her claim must have arisen out of similar discriminatory treatment, and (2) the discriminatory treatment must have occurred in the same time frame as that described in her co-plaintiffs' EEOC charges.
In analyzing whether the single-filing rule may be invoked, the Court must decide whether the claims registered in Asaro's co-plaintiffs' EEOC charges are similar to Asaro's claims in this action. See George v. St. Louis, 720 F.Supp. 144, 145 (E.D.Mo. 1989) (quoting Snell v. Suffolk County, 782 F.2d 1094, 1100 (2d Cir.1986)); Allen v. Amalgamated Transit Union, 554 F.2d 876, 882 (8th Cir.1977). The relevant inquiry is not whether a party's claims are factually identical to those timely filed by co-plaintiffs, but whether there is sufficient similarity as to prevent frustration of Title VII policies. See Kelley v. Harvest Foods, Inc., 780 F.Supp. 605, 607 (E.D.Ark.1992) (citing Zuckerstein v. Argonne Nat'l Laboratory, 663 F.Supp. 569 (N.D.Ill.1987)). The overall objectives of Title VII are to afford the employer prompt notice of the purported Title VII violation and to afford the EEOC an opportunity to promote conciliation of the controversy between the parties. Zipes v. Trans World Airlines, 455 U.S. 385, 398, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1982).
Defendant asserts that Asaro's claims are entirely different from the allegations of her co-plaintiffs. Defendant states that Asaro's claims focus on her alleged assault by Montiel, a management-level employee of the restaurant in defendant's hotel, whereas her co-plaintiffs' claims focus on the hostile work environment at defendant's hotel. Defendant contends that Asaro's co-plaintiffs allege sexual harassment, sexual discrimination, and retaliation claims all based on the behavior of members of defendant's executive committee.
The Court concludes that the claims of Asaro's co-plaintiffs in their EEOC charges and Asaro's claims in this action are sufficiently similar to satisfy the single-filing rule. Some of Asaro's claims in this action are that:
1. During her employment with defendant she observed and was subjected to sexual discrimination and harassment, and a hostile and offensive work environment.
2. She was retaliated against by defendant for her opposition to and complaints about sexual harassment and because of her sex.
3. She was sexually harassed by Montiel and Jose Acosta, an executive committee member.
4. She observed Montiel and Acosta physically touching other women employees, she endured physical touching by Montiel and Acosta, and she was assaulted by Montiel.
The claims alleged by Asaro's co-plaintiffs in their EEOC charges include:
1. Plaintiffs Trbovich and Hoffman alleged they were sexually harassed by members of defendant's executive committee.
2. Plaintiffs Trbovich and Hoffman claimed they were subjected to a hostile work environment due to the widespread sexual harassment practiced by defendant.

*1034 3. Plaintiffs Trbovich, Hoffman, and Schukar alleged that they suffered retaliation.
4. Plaintiffs Trbovich, Hoffman, and Schukar alleged that defendant engaged in sexual discrimination.
The Court concludes the claims articulated by Asaro's co-plaintiffs in their EEOC charges are reasonably related to Asaro's claims. Although Asaro's complaint includes an allegation that she was assaulted by Montiel, who was not an executive committee member, this does not mean that her claims are not sufficiently similar to those of her co-plaintiffs. As long as the gravamen of Asaro's claims and those of her co-plaintiffs are similar Asaro need not file factually identical charges. Asaro and her co-plaintiffs all claim that defendant unlawfully retaliated against them, engaged in sex discrimination, and subjected them to a hostile work environment due to the pervasive sexual harassment practiced by defendant. Although Asaro's claims in this action are more specific than her co-plaintiffs' conclusory EEOC charges, the nature of the complaints are similar.
Asaro and her co-plaintiffs also complain of discriminatory practices within the same time frame. Asaro and her co-plaintiffs allege that defendant subjected them to unlawful employment practices throughout their employment at its St. Louis hotel. Asaro's co-plaintiffs Hoffman and Schukar state in their EEOC charges that they began working for defendant in 1990 and 1991. Asaro began working for defendant in 1990. Additionally, Asaro's co-plaintiffs allege in their EEOC charges that defendant retaliated against them either by terminating or demoting them during 1992. In this action Asaro claims she was fired in retaliation for opposing defendant's sexual harassment in 1992. Thus, the alleged discriminatory treatment by defendant occurred within the same time frame.
Title VII policies will not be frustrated if Asaro is excused from filing an EEOC charge. A key objective underlying the filing of an EEOC charge is to afford the employer prompt notice of the purported Title VII violation. In this instance the broad scope of Asaro's co-plaintiffs' charges alerted the EEOC and defendant to the nature and extent of Asaro's claims. Further, the EEOC learned of Asaro's claims in the course of its investigation of co-plaintiffs' EEOC charges, and at the same time investigated complaints against Montiel. Another objective of the filing of an EEOC charge is to aid the EEOC in promoting conciliation between the parties. In this instance defendant was notified of the complaints of Asaro and those of her co-plaintiffs, but refused to discuss a mutually agreeable settlement of the claims.
The Court concludes the rationale which would require Asaro to file an EEOC charge was fulfilled by her co-plaintiffs' charges. To require Asaro to file an EEOC charge encompassing similar charges would be ineffectual and unnecessary. Thus, the Court concludes defendant has not met its burden to show there is no genuine issue of material fact which would entitle it to summary judgment and its Motion will be denied.
Motion for Reconsideration. The Court has also reviewed defendant's motion for reconsideration of the Court's January 12, 1995 Order granting plaintiffs' motion to compel additional discovery and for sanctions. After careful review the Court concludes defendant's motion to reconsider is without merit. In addition, the Court will deny defendant's motion to extend time through January 31, 1995 to comply with discovery requests as moot.
Accordingly,
IT IS HEREBY ORDERED that defendant's motion for summary judgment as to all of the claims of plaintiff Tracy Asaro, or in the alternative all of Asaro's claims regarding defendant's employee, Alex Montiel, is DENIED. [Doc. 90]
IT IS FURTHER ORDERED that defendant's motion for reconsideration of the Court's ruling on plaintiff's motion to compel additional discovery and sanctions is DENIED. [Doc. 98-1]
IT IS FURTHER ORDERED that defendant's motion to extend time through January *1035 31, 1995 to comply with discovery requests is DENIED as moot. [Doc. 98-2]
IT IS FURTHER ORDERED that this action is set for JURY trial on December 9, 1996. [Doc. 119-1]
NOTES
[1] Plaintiff Laura Schukar filed a Stipulation for Dismissal on August 7, 1995, which dismissed all of her claims against defendant with prejudice.