Jane M. **MATTOX**, Plaintiff,

v.

**LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), a subsidiary of the CIGNA Corporation ("CIGNA"), Defendant.**

Civil Action File No. 1:06–cv–2090–TCB.

United States District Court,
N.D. Georgia,
Atlanta Division.

July 29, 2008.

**1306**

Pamela Ilene Atkins, Atkins & Associates, Atlanta, GA, for Plaintiff.

Elizabeth Johnson Bondurant, Nikole Marie Crow, Smith, Moore, Leatherwood, LLP, Atlanta, GA, for Defendant.

### ORDER

TIMOTHY C. BATTEN, SR., District Judge.

This matter is before the Court on Defendant LINA's motion for reconsideration of the Court's March 13, 2008 Order [79].

The Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration. Local Rule 7.2 provides that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary." L.R. 7.2E, N.D. Ga. A party may move for reconsideration only when at least one of the following three elements exists: (1) the discovery of new evidence; (2) an intervening development or change in the controlling law; or (3) the need to correct a clear error or manifest injustice. *Preserve Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Eng'rs,* 916 F.Supp. 1557, 1560 (N.D.Ga. 1995).

LINA raises two grounds in its motion for reconsideration. First, LINA contends that the Court committed manifest error in its application of the heightened arbitrary and capricious standard of review. Specifically, LINA argues that once the Court found that issues of material fact existed with regard to the first prong of that standard—whether LINA's termination of Mattox's disability benefits was "wrong"—it should have denied summary judgment *in toto.* According to LINA, once this determination had been made, the Court should have conducted a bench trial to determine whether Plaintiff Jane Mattox could carry her burden to establish that LINA's termination of her benefits was wrong by a preponderance of the evidence. *Papczynski v. Conn. Gen. Life Ins. Co.,* 730 F.Supp. 410, 413 (M.D.Fla.1990) ("The plaintiff must prove by a preponderance of the evidence that [she] is entitled to ... disability benefits within the terms of the [plan].").

The Court disagrees. Although LINA cites to portions of *Wise v. Hartford Life & Accident Insurance Co.,* 360 F.Supp.2d 1310 (N.D.Ga.2005) (Story, J.), in support of its argument that this Court committed manifest error, portions of *Wise* not cited by LINA explicitly endorse the approach taken by this Court in its March 13 Order. In *Wise,* after determining that issues of material fact remained with regard to whether the defendant insurer's decision to terminate benefits was "wrong," Judge Story went on to analyze the second and third prongs of the heightened arbitrary and capricious standard. 360 F.Supp.2d at 1321. In fact, Judge Story explicitly made the following statement before analyzing the third step, namely whether the insurer's decision had been tainted by self-interest: "That the administrator's decision was both reasonable and (for purposes of summary judgment) 'wrong,' ... does not necessarily foreclose the entry of summary judgment." *Id.; see also Barchus v. Hartford Life & Accident Ins. Co.,* 320 F.Supp.2d 1266, 1290 (M.D.Fla.2004) (granting summary judgment to insurer under heightened arbitrary and capricious

review, notwithstanding assumption that the insurer's decision was "wrong" for purposes of summary judgment).

Accordingly, because the Court's analysis of the second and third prongs of the heightened arbitrary and capricious standard under these circumstances is explicitly contemplated in previous cases in this circuit, the Court did not commit manifest error, and LINA's first contention has no merit.

However, LINA also requested that the Court delay its reconsideration of the March 13 Order until after the U.S. Supreme Court issued its decision in *Metropolitan Life Insurance Co. v. Glenn*, —— U.S. ——, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008). In *Glenn*, the Supreme Court granted certiorari on the following question: "If an administrator that both determines and pays claims under an ERISA plan is deemed to be operating under a conflict of interest, how should that conflict be taken into account on judicial review of a discretionary benefit determination?"[1] *Id.* at 2346. This issue is directly relevant to the Court's March 13 Order granting summary judgment to Mattox, and the Court grants LINA's motion for reconsideration to the extent that it asks the Court to revisit its March 13 Order based on *Glenn.*

The Eleventh Circuit has heretofore used a three-step framework to determine whether a conflicted insurer's termination of ERISA benefits should be upheld. Pursuant to this framework, a reviewing court first had to decide "if the claims administrator's decision [was] wrong." *Potter v. Liberty Life Assurance Co. of Boston,* 132 Fed.Appx. 253, 257 (11th Cir.2005) (internal quotations omitted). "If so, the court then determine[d] whether the decision [was] nonetheless reasonable (i.e. not arbitrary and capricious)." *Id.* "If the decision [was] wrong but reasonable, the burden [was then shifted to] the claims administrator to show the decision was not tainted by self-interest." *Id.* (*citing Brown v. Blue Cross & Blue Shield of Ala.,* 898 F.2d 1556, 1566–67 (11th Cir.1990)).

Based on this framework, a self-interested claims administrator's failure to produce evidence that its conflicted status did not influence its decision to terminate an employee's benefits had considerable consequences. This is demonstrated by the Court's decision to grant summary judgment to Mattox based on LINA's failure of proof on this issue despite having found that LINA's benefits determination was otherwise reasonable. *Mattox v. Life Ins. Co. of N. Am.,* 536 F.Supp.2d 1307, 1326 (N.D.Ga.2008) ("LINA has offered no evidence that its factual determination that Mattox was not physically disabled either benefited the class of plan participants or represented a uniform construction of the LTD Plan. In light of LINA's complete failure to meet this burden, or even present any evidence in support of it, the Court grants Mattox's motion for summary judgment with regard to LINA's termination of her LTD Benefits."); *see also Burt v. Met-*

---

1. The Supreme Court also granted certiorari on the question of "[w]hether the Sixth Circuit erred in holding, in conflict with two other Circuits, that the fact that a claim administrator of an ERISA plan also funds the plan benefits, without more, constitutes a 'conflict of interest' which must be weighed in a judicial review of the administrator's benefit determination under *Firestone Tire & Rubber v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)." *Metro. Life Ins. Co. v. Glenn,* —— U.S. ——, 128 S.Ct. 1117, 1117, 169 L.Ed.2d 845 (2008). Before reaching the question of what effect such a conflict has on a reviewing court's analysis, the Supreme Court first held that the Sixth Circuit had not erred in determining that such a dual role creates a conflict of interest. *Glenn,* 128 S.Ct. at 2346 (2008) ("We here decide that this dual role creates a conflict of interest.").

*ro. Life. Ins. Co.,* No. 1:04–cv–2376–BBM, 2005 WL 4712457, at *14 (N.D.Ga. Sept. 16, 2005).

In *Glenn,* the Supreme Court expressly disapproved of this approach, stating that "we [do not] believe it necessary or desirable for courts to create special burden-of-proof rules, or other special procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict." 128 S.Ct. at 2351 (stating that "[b]enefits decisions arise in too many contexts, concern too many circumstances, and can relate in too many different ways to conflicts—which themselves vary in kind and in degree of seriousness—for us to come up with a one-size-fits-all procedural system that is likely to promote fair and accurate review").

Rather, the Supreme Court made clear that an insurer's conflict of interest is merely a factor that should be taken into account by the reviewing court in its analysis of whether the insurer's termination of benefits was reasonable under the second prong. *Id.* ("[W]hen judges review the lawfulness of benefit denials, they will often take account of several different considerations of which a conflict of interest is one."). "In such instances, any one factor will act as a tiebreaker when the other factors are closely balanced," and the significance attached to the insurer's conflict of interest depends on that "factor's ... case-specific importance." *Id.*

For example, a "conflict of interest ... should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where [a claims] administrator has a history of biased claims administration." *Id.* Conversely, a conflict of interest "should prove less important (per-

haps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy ... by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decisionmaking." *Id.*

Based on this clarified standard, the Supreme Court affirmed the Sixth Circuit's grant of summary judgment to the employee based on its inference that the Sixth Circuit "would not have found the conflict alone determinative." *Id.* at 2352.

▆▆▆ It appears to the Court that a modification of this circuit's three-step approach is necessary in light of the Supreme Court's holding in *Glenn.* *See Childers v. Eaton Corp. Long Term Disability Plan,* No. 7:05–1483–RBH, 2008 WL 2699783, at *6 (D.S.C. June 30, 2008) (holding that *Glenn* modifies the Fourth Circuit's review of an insurer's denial of benefits under the heightened arbitrary and capricious standard). In this Court's view, henceforth, a reviewing court need not proceed past the reasonableness inquiry when reviewing an insurer's benefits denial under the heightened arbitrary and capricious standard. Rather, a reviewing court should consider any evidence that previously would have been relevant in the third prong into account in its reasonableness determination. Such evidence may include but is not limited to documents that suggest a "history of biased claims administration" on the part of the insurer or, conversely, evidence that the "administrator has taken active steps to reduce potential bias and to promote accuracy ... by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decisionmaking." *Id.* at 2351.[2]

---

**2.** Although prior to the Supreme Court's decision in *Glenn,* evidence that an administrator

has a "routine practice by which it reviews claims, and that it followed that routine prac-

Further, evidence that is relevant to "procedural unreasonableness" may also be relevant to the conflict-of-interest factor. *Id.* at 2352 (approving of Sixth Circuit's focus on the inconsistency between insurer's denial that the employee was disabled and its efforts to obtain social security disability benefits on behalf of the employee, and on the fact that the insurer had "emphasized a certain medical report that favored a denial of benefits, had deemphasized certain other reports that suggested a contrary conclusion, and had failed to provide its ... medical experts with all of the relevant evidence").

█ Significantly, in keeping with the Supreme Court's disapproval of "special burden-of-proof rules, or other special procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict," *id.* at 2351, this Court finds that the burden of proof should be on the Plaintiff to prove that an insurer's conflict of interest affected its benefits decision. This comports with the fact that the Plaintiff has the burden of proof with regard to the other factors relevant to a court's review of an insurer's denial of benefits. *See Papczynski,* 730 F.Supp. at 413.

█ Based on the Supreme Court's modification of the standard of review applicable to LINA's decision to terminate Mattox's long-term disability benefits after twenty-four months, the Court vacates its March 13 Order to the extent that it granted summary judgment to Mattox on the now-defunct third prong of the heightened arbitrary and capricious standard. This Order does not affect the Court's determination under prong one that questions of material fact exist with regard to whether LINA's decision was "wrong." However, because any potential bias on LINA's part must now be taken into account in the Court's reasonableness inquiry, that portion of the March 13 Order stating that no genuine issue of material fact exists with regard to whether LINA's decision was reasonable must also be vacated.[3] Therefore, one issue remains to be decided by this Court: whether LINA's decision to terminate Mattox's long-term disability benefits after twenty-four months was reasonable as a matter of law, taking in account any effect LINA's conflict of interest may have had on its termination of Mattox's benefits.

█ Because the parties have not had an opportunity to engage in discovery that would be relevant to the modified standard, the Court will permit a limited reopening of the discovery period so that the parties may collect any documents and other evidence that would help the Court determine the nature, extent, and effect on the decisionmaking process of LINA's conflict of interest. *See Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955, 970 (9th Cir.2006). Notably, although under normal circumstances this Court's review is limited to the administrative record, when an administrator is operating under a conflict of interest, "evidence outside the administrative record may ultimately be-

---

tice in the present case" has been found to be relevant to the conflict-of-interest inquiry. *Featherston v. Metro. Life Ins. Co.,* 223 F.R.D. 647, 657 (N.D.Fla.2004). The Court sees no reason why this evidence would lose its significance under *Glenn's* modified heightened arbitrary and capricious standard.

**3.** This Order also does not affect those portions of the March 13 Order that granted summary judgment to LINA with regard to Mattox's claims for an increase in her long-term disability benefit amount or for a waiver of her life insurance premium, nor does it affect the Court's determination that Mattox must reimburse LINA for the amount LINA overpaid to Mattox in light of her receipt of social security disability payments.

come relevant," and therefore should be discoverable. *Featherston,* 223 F.R.D. at 657. However, "any allowed discovery must focus on evidence that is relevant to the self-interest issues in the decisionmaking process." *Id.* Therefore, taking into consideration these limitations on the scope of discovery that will be permitted, the discovery period is reopened in this matter for nine weeks, from July 29 through September 30. The parties may make new motions for summary judgment on the limited issue that remains before the Court no later than October 20 in accordance with Local Rule 56.1D.

For the foregoing reasons, Defendant's motion for reconsideration [79] is GRANTED IN PART AND DENIED IN PART, and the discovery period in this matter is reopened through September 30, 2008.