Claudia Faye WELLS, Plaintiff,

v.

**UNUM LIFE INSURANCE COMPANY OF AMERICA and UNUMProvident Corporation, Defendants.**

**Civil Action No. 4:04–CV–0155–HLM.**

United States District Court,
N.D. Georgia,
Rome Division.

Nov. 17, 2008.

Renzo S. Wiggins, Wiggins Law Office, Ringgold, GA, Eric L. Buchanan, Eric Buchanan & Associates, Chattanooga, TN, for Plaintiff.

Aaron Edward Pohlmann, H. Sanders Carter, Jr., Smith, Moore, Leatherwood, LLP, Atlanta, GA, for Defendants.

*ORDER*

HAROLD L. MURPHY, District Judge.

This case is before the Court on Plaintiff's Motion for Extension of Time [41].

## I. Background

On October 9, 2008, Plaintiff filed a Motion for Extension of Time, requesting that the Court extend the discovery period in this case through and including February 18, 2009, to allow Plaintiff to take depositions and review discovery answers. (Docket Entry No. 40.) On October 27, 2008, Defendants filed a response to the Motion for Extension of Time, arguing that the Court should not extend discovery. Defendants observe that they already have served responses to discovery requests, and argue that the scope of discovery in this ERISA case does not permit Plaintiff to take the requested depositions.

As of the date of this Order, the Clerk's docket indicates that Plaintiff has not filed a reply in support of her Motion for Extension of Time, and the time period for filing a reply has expired. The Court therefore finds that the Motion for Extension of Time is ripe for resolution by the Court.

## II. Discussion

The applicable ERISA standard of review, rather than the expansive scope of discovery allowed by Federal Rule of Civil Procedure 26(b), governs the scope of discovery in this case. *Sanders v. Unum Life Ins. Co. of Am.*, No. 4:08CV00421 JLH, 2008 WL 4493043, at *1 (E.D.Ark. 2008). Although ERISA does not specify a standard of review, the Supreme Court has held that principles of trust law should guide courts when evaluating ERISA determinations. *Metropolitan Life Ins. Co. v. Glenn*, — U.S. —, 128 S.Ct. 2343, 2347, 171 L.Ed.2d 299 (2008).

■ "Principles of trust law require courts to review a denial of plan benefits 'under a *de novo* standard' unless the plan provides to the contrary." *Glenn*, 128 S.Ct. at 2348 (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 112, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)). "Where the plan provides to the contrary by granting 'the administrator or fiduciary *discretionary authority* to determine eligibility for benefits, [t]rust principles make a *deferential standard of review* appropriate.'" *Id.* (quoting *Firestone Tire & Rubber Co.*, 489 U.S. at 111, 115, 109 S.Ct. 948) (citations omitted) (emphasis and alteration in original). "If 'a benefit plan gives discretion to an administrator or fiduciary who *is operating under a conflict of interest*, that conflict must be *weighed as a factor* in determining whether there is an abuse of discretion.'" *Id.* (quoting *Firestone Tire & Rubber Co.*, 489 U.S. at 115, 109 S.Ct. 948) (internal quotation marks omitted). If a plan administrator both evaluates claims for benefits *and* pays benefits claims, the plan administrator is operating under a conflict of interest. *Id.* at 2348–50.

Even if the plan administrator operates under a conflict of interest, the standard of review does not change "from deferential to *de novo* review." *Glenn*, 128 S.Ct. at 2350–51. Instead, "conflicts are but one factor among many that a reviewing judge must take into account." *Id.* at 2351.

The Supreme Court's decision in *Glenn* implicitly overruled the "heightened arbitrary and capricious" standard of review that the United States Court of Appeals for the Eleventh Circuit previously applied to ERISA cases in which the plan administrator operated under a conflict of interest. *Doyle v. Liberty Life Assur. Co. of Boston*, 542 F.3d 1352, 1360 (11th Cir.2008). The Eleventh Circuit has observed:

> [W]e hold that *Glenn* implicitly overrules our precedent to the extent it requires district courts to review benefit determinations by a conflicted administrator under the heightened standard. We hold that the existence of a conflict of interest should merely be a factor for the district court to take into account when determining whether an administrator's decision was arbitrary and capricious. And we hold that, while the reviewing court must take into account an administrative conflict when determining whether an administrator's decision was arbitrary and capricious, the burden remains on the plaintiff to show the decision was arbitrary; it is not the defendant's burden to prove its decision was not tainted by self-interest.

*Id.*

■ Under the abuse of discretion standard, the Court generally may consider "only evidence that was before the plan administrator." *Sanders*, 2008 WL 4493043, at *1. "Admission of evidence not considered by the plan administrator is 'ruled out' on deferential review." *Id.* Consequently, discovery outside the administrative record ordinarily is inappropriate when the abuse of discretion standard of review applies. *Id.* at 2–4.

 Here, the employee benefits plan at issue (the "Plan") gave Defendant Unum Life Insurance Company of America ("Defendant Unum Life") "discretionary authority to determine [a claimant's] eligibility for benefits and to interpret the terms and provisions of the" Plan. (Defs.' Resp. Pl.'s Mot. Extension Time Ex. 2 at 16.) Consequently, Defendant Unum Life had discretionary authority to determine Plaintiff's eligibility for benefits or to construe the terms of the Plan. The Court therefore must review Defendant Unum Life's decision concerning Plaintiff's eligibility under an abuse of discretion standard, considering any alleged conflict of interest as only one factor in the Court's analysis. *Doyle*, 542 F.3d at 1360.

Because the Court must apply an abuse of discretion standard when reviewing Defendant Unum Life's decision to deny benefits to Plaintiff, the Court's review ordinarily would be limited to the administrative record. Plaintiff has not shown why the depositions that Plaintiff seeks to take are relevant to the Court's standard of review, and has not demonstrated that discovery outside of the administrative record is warranted. Under those circumstances, the Court finds that it is inappropriate to extend the discovery period to allow Plaintiff to take the requested depositions or to conduct the requested discovery. The Court therefore denies Plaintiff's Motion for Extension of Time.

## III. Conclusion

ACCORDINGLY, the Court **DENIES** Plaintiff's Motion for Extension of Time [41]. The Court **ORDERS** the parties to submit their proposed consolidated pretrial order or their Motions for Summary Judgment **WITHIN THIRTY DAYS.**[1]

---

1. If the parties choose to submit Motions for Summary Judgment, their proposed consolidated pretrial order will be due thirty days after the Court rules on the Motions for Summary Judgment.