Steven D. ALLEN, Plaintiff,

v.

**LIFE INSURANCE COMPANY
OF NORTH AMERICA, et
al., Defendants.**

Civil Action No. 1:09–CV–1179–MHS.

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 13, 2009.

Pamela Ilene Atkins, Atkins & Associates, Atlanta, GA, for Plaintiff.

Aaron Edward Pohlmann, Elizabeth Johnson Bondurant, Smith, Moore, Leatherwood, LLP, Atlanta, GA, for Defendants.

## ORDER

MARVIN H. SHOOB, Senior District Judge.

Before the Court is defendants' motion to dismiss plaintiff's complaint or, alternatively, to strike portions thereof. For the following reasons, the Court denies defendants' motion to dismiss and denies defendants' alternative motion to strike portions of plaintiffs complaint.

*Background*

On May 1, 2009, Steven D. Allen, plaintiff, filed suit in this Court against the Life Insurance Company of North America ("LINA") and the Lockheed Martin Group Benefits Plan, defendants. Plaintiff alleged that he was entitled to disability benefits under his employer, Lockheed Martin's, group benefits policy. Lockheed Martin established, funded, and maintained the employee welfare benefit plan that included the group benefits policy through which plaintiff sought disability benefits. The policy, however, was issued by LINA. Specifically, plaintiff alleged that LINA "abused its discretion and wrongfully, unreasonably, and arbitrarily and capriciously, denied [his] disability claim." (Pl.'s Compl., ¶ 93.) Plaintiff further alleged that LINA had a conflict of interest, which influenced its ultimate decision to deny plaintiff's claim for long-term disability benefits. Thus, LINA's actions, according to plaintiff, violated § 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a). Plaintiff also sought attorneys fees, expenses, and costs in connection with the litigation, pursuant to 29 U.S.C. § 1132(g)(1).

Plaintiff's complaint, filed on May 1, 2009, was 41 pages in length and consisted of 97 numbered paragraphs, many of which included numerous subparagraphs. In response to plaintiff's complaint, defendants have filed the present motion to dismiss, alleging violations of Rules 8(a), 8(d)(1), and 10(b) of the Federal Rules of Civil Procedure. Alternatively, defendants seek to strike specific sections of the complaint pursuant to FED. R.CIV.P. 12(f).

*Standard*

Under the Federal Rules of Civil Procedure:

A pleading that states a claim for relief must contain:

(1) a short plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED.R.CIV.P. 8(a). "Each allegation must be simple, concise, and direct." *Id.* at 8(d)(1). The purpose of Rule 8 is to "achieve brevity, simplicity, and clarity" in pleadings. *Knox v. First Sec. Bank of Utah,* 196 F.2d 112, 117 (10th Cir.1952). In addition to the pleading requirements of Rule 8, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED.R.CIV.P. 10(b). "The general objective of Rule 10(b) is clarity in pleading." *U.S. v. Jerome,* 115 F.Supp. 818, 822 (S.D.N.Y.1953).

"A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s 'short and plain statement' requirement." *Kuehl v. F.D.I.C.,* 8 F.3d 905, 908 (1st Cir.1993). In such a situation, the district court acts within its discretion by dismissing the complaint without prejudice and requiring the plaintiff to re-file a complaint which conforms to the requirements of the Federal Rules. *Ramos–Barrientos v. Bland,* No. 6:06CV089, 2008 WL 474426, at *2 (S.D.Ga. Feb.19, 2008).

■ Aside from dismissing a complaint in its entirety, a court, either on its own or on motion made by a party, "may strike from a pleading an insufficient defense or any redundant, impertinent, or scandalous matter." FED.R.CIV.P. 12(f). Such motions are not favored by courts and are generally denied "unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Italiano v. Jones Chems., Inc.,* 908 F.Supp. 904, 907 (M.D.Fla.1995). *See also Reiter's Beer Distribs., Inc. v. Christian Schmidt Brewing Co.,* 657 F.Supp. 136, 144 (E.D.N.Y.1987)("Where the materiality of the alleged matter is highly unlikely, or where its effect would be prejudicial, the Court may order it stricken.") In a motion to strike, the court should treat well pleaded facts as admitted and is limited in its consideration to the pleadings. *Reyher v. Trans World Airlines,* 881 F.Supp. 574, 576 (M.D.Fla.1995). "A motion to strike will be granted if the disputed matter is irrelevant 'under any state of facts which could be proved in support' of the claims being advanced." *Reiter's Beer Distribs.,* 657 F.Supp. at 144 (quoting *Trusthouse Forte, Inc. v. 795 Fifth Ave. Corp.,* No. 81 Civ 1698 (S.D.N.Y. Sept. 1, 1981)).

*Discussion*

A. Motion to Dismiss

■ In their motion to dismiss, defendants allege that the complaint, with 41 pages and 97 numbered paragraphs with numerous subparts, violates the requirement of Rule 8(a)(2) that complaints contain "a short and plain statement of the claim." Further, defendants allege that many of the paragraphs in the complaint contain multiple sentences with numerous allegations, including recitations of evidence, legal conclusions, and case citations. As such, defendants assert that the complaint violates Rule 10(b). For these reasons, according to defendants, the Court should dismiss plaintiff's complaint and allow plaintiff to re-file a new complaint that is consistent with Rules 8 and 10.

Plaintiff counters that defendants' motion is primarily designed to delay the litigation and arbitrarily limit the scope of discovery.

Plaintiff further counters that each individual averment is simple, concise, and direct and the complaint contains the factual allegations necessary for plaintiff to survive a Rule 12(b)(6) motion to dismiss.

Plaintiff's first argument is that in two recent cases, *Ashcroft v. Iqbal,* — U.S. —, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court expanded the required factual allegations that must be stated in a complaint to make a plaintiff's claim sufficiently plausible to survive a motion to dismiss under Rule 12(b)(6). Accordingly, plaintiff argues, his complaint's level of specificity was required to show the plausibility of his claim. Defendants counter that these cases only impose a minimum pleading requirement and are irrelevant to the present case, where the issue is whether plaintiff has overpled his claim.

The Court is not persuaded that either *Iqbal* or *Twombly* compelled plaintiff to style his complaint in the manner in which he did. Rather, those cases merely set a minimal standard which complaints must meet in federal district court. Although plaintiff has clearly exceeded this standard, the cited cases do not establish whether there is a ceiling for how detailed a complaint may be under Rule 8 and, if such a ceiling exists, whether plaintiff has exceeded it.

In *Iqbal,* the Supreme Court determined that the plaintiff failed to state a claim against John Ashcroft, the former United States Attorney General, and Robert Mueller, the former head of the FBI, where he pled that they " 'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest.' " *Iqbal,* 129 S.Ct. at 1951. The Supreme Court determined that plaintiff's bare assertions amounted to "nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim.... As such, the allegations are conclusory and not entitled to be assumed true.' " *Id.*

Upon review, all *Iqbal* stands for is the proposition that a plaintiff may not merely state the elements of a cause of action; rather, he must allege some factual conclusions that make his claim plausible. In the present case, plaintiff has not merely pled legal conclusions, but has introduced a plethora of facts in his complaint. Thus, plaintiff has exceeded the minimal pleading standard required by *Iqbal.*

In *Twombly*, the Supreme Court held that a plaintiff's complaint merely alleging an illegal agreement with facts showing subsequent parallel conduct was not a sufficient allegation of a violation of § 1 of the Sherman Act to survive a Rule 12(b)(6) motion to dismiss. 550 U.S. at 555–57, 127 S.Ct. 1955. As in *Iqbal*, the Supreme Court determined that the plaintiffs needed to allege with greater factual specificity the nature of the alleged illegal agreement. Again, nobody can accuse this plaintiff of failing to provide sufficient factual details within his complaint. Rather, the relevant question is whether he provided so much factual detail that his complaint is no longer a "short and plain statement of the claim," as required by Rule 8. Accordingly, the Court finds that neither *Iqbal* nor *Twombly* necessitated the factual detail included in plaintiff's complaint.

Plaintiff next asserts that his detailed factual allegations are required to establish defendant LINA's conflict of interest in deciding plaintiff's benefits claim and, thus, to establish that LINA acted arbitrarily and capriciously in denying plaintiffs claim, in violation of 29 U.S.C. § 1132(a)(1). In support of plaintiff's argument, he points to the Supreme Court's recent decision in *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008), which discusses the relevancy of conflicts of interest in establishing that a plan administrator has acted in an arbitrary or capricious manner. Defendants counter that discovery is limited to the administrative record upon which LINA reviewed plaintiff's claim and that plaintiff's efforts to expound on the conflict of interest issue within the complaint constitute an attempt to draw out admissions by defendants that would inappropriately expand the scope of discovery beyond the administrative record.

The Supreme Court has rejected any enhanced procedural requirements for establishing a conflict of interest in an ERISA action. *See Glenn*, 128 S.Ct. at 2350 ("Neither do we believe it necessary or desirable for courts to create special burden-of-proof rules, or other procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict.") However, it is likely that in the present case the plaintiff's complaint includes otherwise superfluous information for the purpose of justifying a subsequent request to expand the scope of discovery to gather evidence that LINA had a conflict of interest when assessing plaintiff's benefits claim. Arguably, this is why plaintiff's complaint contains extensive information about CIGNA Corp. and various media reports concerning CIGNA's previous denial of claims. Accordingly, it is necessary for this Court to determine whether it is permissible post-*Glenn* for plaintiff to attempt to expand the scope of discovery beyond the administrative record to establish the existence of a conflict of interest. A favorable finding would justify plaintiff's inclusion of extensive factual averments concerning CIGNA. *See Glenn*, 128 S.Ct. at 2351 ("The conflict of interest issue ... should prove more important ... where circumstances suggest a higher likelihood that it affected the benefits decision, including ... cases where an insurance company administrator has a history of biased claims administration.").

At present, there appears to be a circuit-split on the permissible scope of discovery in an ERISA action where a conflict of interest issue has been raised. *Compare Orndorf v. Paul Revere Life Ins. Co.*, 404 F.3d 510, 520 (1st Cir.2005)(finding that expanding discovery beyond administrative record to establish conflict of interest required a "serious claim of bias or procedural misconduct" towards plaintiff) *with Singleton v. Hartford Life & Accident Ins. Co.*, No. 4:08–CV–00361–WRW, 2008 WL 3978680, at *1 (E.D.Ark.2008)(noting that "*Glenn* did not change Eighth Circuit law governing the evidence a court considers under the abuse of

discretion standard."). The Eleventh Circuit Court of Appeals has not yet weighed in on this matter;[1] however, district courts in the Eleventh Circuit have also split on whether *Glenn* expands the scope of discovery where there is a question about a plan administrator's conflict of interest. *Compare Wells v. Unum Life Ins. Co. of Am.*, 593 F.Supp.2d 1303, 1306 (N.D.Ga.2008)(denying expansion of discovery beyond administrative record in post-*Glenn* case) *with Mattox v. Life Ins. Co. of N. Am.*, 625 F.Supp.2d 1304, 1309–10 (N.D.Ga.2008)(granting extension of discovery on conflict-of-interest issues outside of administrative record).

To the extent there is an unresolved split between the district courts in this Circuit, the Court finds that the approach taken in *Mattox is the correct* one. In *Mattox*, the Court reopened discovery so that the parties could "collect any documents and other evidence that would help the Court determine the nature, extent, and effect on the decision-making process of LINA's conflict of interest." *Id.* Noting the departure from traditional discovery rules, the Court stated:

> [A]lthough under normal circumstances this Court's review is limited to the administrative record, when an administrator is operating under a conflict of interest, "evidence outside the administrative record may ultimately become relevant," and therefore should be discoverable. However, "any allowed discovery must focus on evidence that is relevant to the self-interest issues in the decisionmaking process."

*Id.* (internal citations omitted)(quoting *Featherston v. Metro. Life Ins. Co.*, 223 F.R.D. 647, 657 (N.D.Fla.2004)).

Adopting the court's reasoning in *Mattox*, the Court finds that the inclusion of averments in plaintiff's complaint relating to defendants' conflict of interest is appropriate and does not violate the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. Those averments are necessary, to the extent they will support an extension of discovery beyond the adminis-

trative record to include evidence relevant to the role defendants' self-interest played during LINA's decision-making process. *See also Adams v. Hartford Life & Accident Ins. Co.*, 589 F.Supp.2d 1366, 1367 (N.D.Ga. 2008)("[I]f the administrator was acting under a conflict of interest when it made the plaintiff's benefit decision, the plaintiff has the right to conduct discovery into the surrounding circumstances to determine whether such a conflict affected the benefits decision.").

To support its argument in favor of dismissing plaintiff's complaint, defendants point to specific paragraphs within the complaint which they assert are irrelevant and prejudicial. To the extent defendants identify objections to specific paragraphs within plaintiff's complaint, the Court believes that these objections should not serve as a basis for dismissing the entire complaint. Rather, these objections should be considered as part of individual motions to strike pursuant to FED.R.CIV.P. 12(f). *See infra* pp. 414–16.

The parties next dispute the applicability of various cases both in the Eleventh Circuit and elsewhere concerning the standard a complaint must meet to be dismissed pursuant to Rules 8 and 10.

Plaintiff first cites *Krasny v. Jefferson Pilot*, No. 1:06–CV–1417–TCB (N.D.Ga.), as an example of a case where defendant LINA lost a motion to dismiss another complaint pursuant to Rules 8 and 10. The Court finds *Krasny* persuasive because it involved a 30-page complaint consisting of 89 paragraphs and numerous subparagraphs, including the insertion of numerous medical records and correspondence. When denying the motion to dismiss, the court noted that "[w]hile the complaint is not an absolutely perfect or model pleading, it easily complies with the requirements of [Rules 8 and 10]." *Krasny v. Jefferson Pilot*, No. 1:06–CV–1417–TCB (N.D.Ga.), Dkt. 29, Order dated March 20,

---

1. Even though defendants cite *Townsend v. Delta Family–Care Disability & Survivorship Plan*, 295 Fed.Appx. 971 (11th Cir.2008), a case decided after *Glenn*, for the proposition that courts "are limited to only those documents that were before the administrator," *id.* at 976, *Townsend* did not involve a conflict of interest. For that reason, the Eleventh Circuit determined that *Glenn* was irrelevant to the issues before the court. *Id.* at 975 n. 1.

2007 (Pl.'s Resp. to Def.'s Mot. to Dismiss, Ex. 5).

In contrast to *Krasny*, defendants cite seven cases in which a plaintiff's complaint was dismissed for violating Rule 8(a). The Court finds that these cases are factually distinguishable from the present case. Each of the cases involved: (1) complaints that were much longer than plaintiff's complaint in this case, *see Gordon v. Green*, 602 F.2d 743, 744–46 (5th Cir.1979)(complaint was 4,000 pages and 18 volumes of "legal jargon" with typical paragraphs "extend[ing] the full length of a legal page and constitut[ing] a single sentence"); *Silver v. Queen's Hosp.*, 53 F.R.D. 223, 225–27 (D.Haw.1971)(dismissing 100–plus page complaint that "represent[ed] a confusing and foggy mixture of evidentiary statements, arguments and conclusory matter" with numerous extraneous allegations); *Buckley v. Altheimer*, 2 F.R.D. 285, 286 (N.D.Ill.1942)(complaint was 260 pages with 237 numbered paragraphs that consisted primarily of run-on sentences); (2) complaints with a confusing or incoherent writing style, *see Ramos–Barrientos v. Bland*, 2008 WL 474426, at *1–2 (noting concern for 68–page, 132 paragraph complaint's excessive cross-referencing, incoherence, and circular and convoluted sentence structure as well as complaint's "page-long sentences permeated with broken clauses and cross-references"); *Kleinschmidt v. Liberty Mut. Ins. Co.*, 142 F.R.D. 502, 504–05 (S.D.Fla.1992)(court struggled and failed to decipher incomprehensible complaint, noting that it could not determine "whether a valid claim [was] alleged and if so what it [was]" (quoting *Old Time Enters., Inc. v. Int'l Coffee Corp.*, 862 F.2d 1213, 1218 (5th Cir.1989))); *Metro. Theatre Corp. v. Warner Bros. Pictures, Inc.*, 12 F.R.D. 516, 517–18 (S.D.N.Y.1952)(dismissing 55–page complaint for being overly verbose and redundant and containing "characterizations, lectures, dissertations, unnecessary evidence and flights of literary fancy"); or (3) complaints which evidenced the plaintiff's inability to follow previous directives from the court concerning amendments to its pleadings, *see Kuehl*, 8 F.3d at 906, 908 (after court dismissed plaintiff's 43–page, 358–paragraph complaint alleging 36 counts against 28 defendants, plaintiff filed new 43–page com-plaint with same number of counts and two additional defendants; in response, court authorized dismissal with prejudice based on pattern of noncompliance with Federal Rules); *Benner v. Phila. Musical Soc'y*, 32 F.R.D. 197, 198 (E.D.Pa.1963)(even after ordering plaintiff to amend his complaint, amended complaint's paragraphs pleaded evidence, failed to allege facts, contained multiple allegations, or were otherwise so "prolix, argumentative and conclusionary" that it would be impossible for defendant to answer them intelligently).

■ Because all of the cases cited by defendants involved factors distinguishable from the present case, the Court is not persuaded that a motion to dismiss pursuant to Rule 8(a) or Rule 10(d) is warranted here. Even though plaintiff's complaint is unnecessarily long and detailed, there is no basis for dismissing his entire complaint as a remedy. "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

A final issue in dispute between the parties on defendants' motion to dismiss is whether plaintiff's complaint could have been pled in a more simple and concise manner. Plaintiff's counsel uses her experience in this field to argue that the complaint was as simply and concisely pled as possible while still incorporating the necessary facts to establish the basis for a claim. Defendants counter that other complaints in ERISA actions have been pled more simply, concisely, and directly and have provided the Court with several examples of those complaints.

It is unnecessary for the Court to resolve the parties' dispute concerning whether plaintiff's complaint could have been drafted more concisely or with fewer averments. The only issue before the Court is whether plaintiff's complaint complies with FED. R. CIV. P. 8 and 10. So long as it does so, it is irrelevant whether the complaint could have been "better" pled.

While plaintiff's complaint is lengthy and overly detailed, its averments are sufficiently straightforward to satisfy the pleading requirements of Rules 8 and 10. "Complaints in which the essentials specified by Rule 8(a) can be discerned with reasonable clarity and without excessive difficulty should not be stricken merely for inconsequential verbosity which readily can be corrected on a motion to strike without excessive effort or delay." *Silver*, 53 F.R.D. at 227. Thus, for the aforementioned reasons, the Court denies defendants' motion to dismiss.

## B. Motion to Strike

■ Defendants have alternatively sought to strike numerous paragraphs within plaintiff's complaint pursuant to FED. R. CIV. P. 12(f). Defendants argue that each of the identified paragraphs are sufficiently "redundant, immaterial, impertinent, or scandalous" to justify being stricken. FED. R. CIV. P. 12(f).

Defendants first ask for the Court to strike subparagraphs 5(c), (d), (e), (f), (g), (h), (i), (j), (k), (*l*), (m), (n), (*o*), and (v). Defendants argue that these subparagraphs contain information about CIGNA Corp., an entity that is not a named defendant in the present action. Defendants further assert that these subparagraphs are included within plaintiff's complaint for the sole purpose of prejudicing LINA by suggesting that plaintiff's claim was denied for defendants' financial gain. Plaintiff counters that these subparagraphs are necessary to support its argument that LINA had a conflict of interest when it denied plaintiff's benefits claim.

Each of the fourteen subparagraphs identified by defendants pertain to information about CIGNA Holdings, Inc. ("CIGNA"), and LINA's relationship to CIGNA, as a subsidiary. While the Court agrees that plaintiff has gone into unnecessary detail concerning CIGNA's corporate structure, this information is potentially relevant when evaluating whether LINA had a conflict of interest during the period it evaluated and denied plaintiff's claim. As plaintiff avers in his complaint, "LINA is a CIGNA Company," (Pl.'s Compl., ¶ 5(j)), "LINA is part of CIGNA Group Insurance operations," (*id.* at ¶ 5(k)),

and "LINA acted as part of CIGNA Group Claims in administering [plaintiff's] LTD benefits claim." (*id.* at ¶ 5(v).) Accordingly, the fact that the profitability of CIGNA's "life and disability products depends on the adequacy of the premiums charged relative to claims and expenses," (*id.* at ¶ 5(n)), may be a relevant factor in considering whether LINA had a conflict of interest while evaluating plaintiff's claim. As such, the Court is unwilling at this stage in the litigation to conclude that these averments are "immaterial" or "impertinent."

Defendants cite two cases to support their motion to strike these subparagraphs. However, neither case is applicable to the present facts. In *Kent v. AVCO Corp.*, 815 F.Supp. 67, 71 (D.Conn.1992), the court granted a motion to strike concerning two paragraphs relating to previous litigation to which the defendant was a party. Under the circumstances, the court concluded that the unrelated litigation had "no relevance" to the matter at hand. *Id.* Similarly, in *Reiter's Beer Distribs., Inc. v. Christian Schmidt Brewing Co.*, 657 F.Supp. at 144, the court granted a motion to strike three paragraphs "describ[ing] the history of litigation in the beer industry in general, and the history of [defendant's] litigation in particular." The court concluded that those paragraphs had "no bearing on the issues in dispute" and were otherwise prejudicial to defendant. *Id.* By contrast, in the present case, plaintiffs averments in paragraph 5 relate to the corporate activities of defendant's parent corporation and are arguably relevant to a determination of how defendant LINA engaged in the claim review process.

Based on the above-stated considerations, the Court cannot conclude that the identified subparagraphs are irrelevant " 'under any state of facts which could be proved in support' of the claims being advanced." *Id.* at 144. For this reason, the Court denies defendants' motion to strike with regard to the subparagraphs of paragraph 5 of plaintiffs complaint.

■ Defendants next ask the Court to strike paragraphs 89 through 91 of plaintiff's complaint, which pertain to two articles pub-

lished on ABCNews.com on April 25, 2008, and June 27, 2008, relating to CIGNA's claims handling practices and individuals who had "been unfairly denied disability benefits from CIGNA." (Pl.'s Compl., ¶ 91.) Defendants contend that these paragraphs are unrelated to plaintiffs disability claim, do not exist within plaintiffs administrative record, and only serve to prejudice defendant LINA. Citing *Ferree v. Life Ins. Co. of N. Am.*, No. 1:05–CV–2266 WSD, 2006 WL 2025012 (N.D.Ga. July 17, 2006), defendants assert that any previous activities by CIGNA are irrelevant when assessing whether LINA has acted arbitrarily and capriciously.

The Court finds that because discovery may extend beyond the administrative record when a conflict of interest issue has been raised, *see supra* pp. 411–12, and the issue of a potential conflict of interest is especially pertinent "where an insurance company administrator has a history of biased claims administration," *Glenn*, 128 S.Ct. at 2351, the fact that CIGNA may have had a history of biased claims administration is, at the least, not wholly irrelevant to the claim at issue in this case. *See supra* pp. 414–15. Even though CIGNA could not be named as a defendant in the present action, there is at least a possibility that some of CIGNA's previous activities may reflect negatively on LINA, which is a named defendant. Although such a conclusion is highly speculative, the Court is unwilling to determine at this point that there is absolutely no set of facts under which CIGNA's prior claims determination practices are relevant to plaintiff's benefits denial.

This Court has not been asked whether CIGNA may be named as a defendant in this action, which was the issue before the court in *Ferree*. Accordingly, the court's holding in *Ferree* is not applicable to the present case because, even though "CIGNA is not the proper defendant for an action concerning ERISA benefits," *Ferree*, 2006 WL 2025012, at *11, in the present case, CIGNA's previous behaviors are conceivably relevant to whether LINA was operating under a conflict of interest. Accordingly, the Court denies defendants' motion to strike with respect to paragraphs 89 through 91.

■ Defendants next ask for the Court to strike paragraph 92 of plaintiff's complaint, which lists five other cases in which courts determined that either CIGNA or LINA acted arbitrarily and capriciously in denying disability benefits. Defendants assert that this paragraph is irrelevant to the issue in this case and is otherwise "immaterial, impertinent, and scandalous." (Def.'s Br. in Supp. of Mot. to Dismiss, p. 12.)

Although there is ample authority limiting the inclusion of unrelated previous litigation in a complaint, *see Kent*, 815 F.Supp. at 71; *Reiter's Beer Distribs.*, 657 F.Supp. at 144, those cases were decided prior to *Glenn*, in which the Supreme Court appears to have acknowledged the relevance of an insurance claim administrator's prior activities during an ERISA action. *See Glenn*, 128 S.Ct. at 2351. Accordingly, just as news stories of misconduct by CIGNA are potentially relevant in establishing a conflict of interest, previous instances where CIGNA and LINA were found to have acted arbitrarily and capriciously are equally relevant. Thus, the Court denies defendants' motion to strike paragraph 92.

■ Defendants' final motion to strike involves paragraphs 17 through 86 of plaintiff's complaint. Defendants allege that plaintiff unnecessarily copied large portions of his administrative record, creating redundancies. Defendants argue that they will be prejudiced by having to respond to this large quantity of averments concerning plaintiff's administrative record.

The Court finds that, although needlessly detailed, paragraphs 17 through 86 constitute the heart of plaintiff's complaint, detailing the terms of the LTD Policy, plaintiff's claim's procedural history, plaintiff's occupational history, and medical evidence of plaintiff's disability. Although plaintiff probably provided too much information, nearly all of the paragraphs in this section of the complaint are derived from the administrative record and, for the most part, constitute one or two-sentence averments stating instances that occurred during plaintiffs claim application process. A review of paragraphs 17 through 86 reveals that defendants are capa-

ble of admitting or denying them, pursuant to FED. R. CIV. P. 8(b)(1)(B), or stating that they lack sufficient information to form a belief about their truth, which has the effect of a denial pursuant to FED. R. CIV. P. 8(b)(5). Because these paragraphs deal with the alleged "failure of the administrator LINA to perform a full and fair review," which is "an issue directly related to the right to recovery," (Pl.'s Resp. to Def.'s Mot. to Dismiss, p. 24), the Court denies plaintiff's motion to strike paragraphs 17 through 86.

### C. Plaintiff's Request for Attorney Fees and Costs

As a final measure, plaintiff asks for an award of attorney's fees and costs in connection with the litigation of this motion. Even though the Court has denied defendants' motion in its entirety, the Court believes that defendants' argument that the complaint violated Rules 8 and 10 was at least "plausible." Further, plaintiff does not specify a basis in the Federal Rules, by statute, or in case law for awarding attorney's fees for successfully defending a motion to dismiss. Accordingly, the Court denies plaintiff's request.

### Summary

For the aforementioned reasons, the Court DENIES defendants' motion to dismiss plaintiff's complaint or, alternatively, to strike certain portions thereof [# 6].